IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>    Defendants. | **DEFENDANTS RULE 26(f) REPORT** |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1, counsel held a meeting on April 24, 2024, by video teleconference. The following counsel attended the conference: Robert L. Lindholm, Matthew G. Lindenbaum, Donna O. Tillis, Soren Young, and Michelle Duprey for Plaintiffs; and Matthew Tulchin of the North Carolina Department of

Justice for Defendants. The parties have continued to confer electronically regarding a discovery plan but failed to reach an agreement. The Initial Pretrial Conference is scheduled for May 22, 2024.

2. **Discovery Plan.** Defendants propose to the Court the following discovery plan. The parties contemplate that this case will involve some expert discovery and therefore propose that discovery be bifurcated into two stages: (1) a stage in which Plaintiffs and Defendants will conduct all discovery except that related to expert witnesses ("General Discovery"); and (2) a stage in which discovery related to designated expert witnesses will be conducted ("Expert Discovery"). The deadlines for these stages are set forth below.

    a. <u>Commencement Date and Time for Discovery.</u> The "commencement date" of discovery will be upon entry of an order by this Court following the initial pretrial conference.

    b. <u>Needed Discovery</u>. Subject to possible modification in accordance with stipulations entered into by the parties, Defendants understand that Plaintiffs intend to seek discovery on the following subjects:

- The North Carolina Department of Public Safety's ("NCDPS") policies and procedures related to confinement of juveniles;
- NCDPS's actual practices related to confinement of juveniles, including data relating to the amount of time juveniles are confined to their cells;

- The provision of educational services to juveniles;

- The provision of mental health services to juveniles;

- The nature and amount of time juveniles are allowed outside of their cells;

- The conditions of the cells at juvenile detention centers;

- The sufficiency of staffing at juvenile detention centers and any efforts to increase or decrease the same; and

- Oversight of juvenile detention centers, including any inspections by outside organizations.

Defendants anticipate seeking discovery into the facts and allegations included in the Complaint, the named plaintiffs' conditions of confinement, the scope of Plaintiffs' proposed class, and other topics and/or issues as developed during discovery.

    c.    <u>Case Management Track.</u>  Discovery shall be placed on a case-management track established in L. Civ. R. 26.1. Defendants submit that the appropriate track for this case is the Complex track as designated in L. Civ. R. 26.1(a).

    d.    <u>Initial Disclosures.</u>  The parties will complete the initial disclosures as required by Rule 26(a)(1) within 30 days of the commencement of discovery.

e. <u>Notices of Inspection.</u>  Defendants understand that Plaintiffs anticipate issuing requests for inspection of juvenile detention centers run by the State of North Carolina.

f. <u>Completion of Fact Discovery.</u>  The date for the completion of General Discovery is September 3, 2024.

g. <u>Expert Reports.</u>  Expert reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due as set forth below.

- Reports by Plaintiffs by October 4, 2024.

- Reports from Defendants by November 4, 2024.

- Any rebuttal reports permitted under Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be served within 30 days after service of the opposing party's report.

- All expert discovery shall be concluded by February 3, 2025.

h. The parties may informally grant extensions of time to respond to discovery without having to seek Court approval. But the parties may not agree to extend the deadline to conclude discovery with seeking Court approval.

i. Supplements to discovery will be provided as specified in Rule 26(e) or as otherwise ordered by the Court.  In accordance with Rule 26(e)(1)'s timely supplement mandate, Defendants agree that, with the exception of unanticipated later developments, supplements

required by Rule 26(e)(1) shall be completed as soon as practicable and no later than 30 days prior to the close of discovery.

j.  Disclosure or discovery of electronically stored information should be handled as follows: Provision for the production of electronically stored information, if any, that is in the possession of parties or non-parties and may be subpoenaed will be made with counsel for the relevant party or those non-parties at the appropriate time

3.  **Mediation.**  Mediation should be conducted midway through the discovery period, the exact date to be set by the mediator after consultation with the parties.  The parties agree that the mediator shall be Asa Bell subject to his availability.

4.  **Preliminary Deposition Schedule.**  The parties will coordinate regarding a reasonable schedule for depositions in this matter.  All fact depositions will be complete by September 3, 2024.  All expert depositions will be complete by February 3, 2025.

5.  **Other Items.**  The parties should be allowed until 30 days after the exchange of initial disclosures required by Rule 26(a)(1) to request leave to join additional parties and to amend pleadings.  After that date, the Court will consider, *inter alia*, whether granting leave would delay trial.

Regarding the identification and protection of privileged or trial preparation materials, the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise,

is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c). The parties do not consent to have this case referred to a Magistrate Judge.

All potentially dispositive motions are due no later than 45 days following the close of discovery.

The case should be ready for trial by October 1, 2025, and at this time is expected to take approximately one week. A jury trial has not been demanded.

Respectfully submitted this 6th day of May 2024.

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Special Deputy Attorney General
State Bar No. 43167
orodriguez@ncdoj.gov

Matthew Tulchin
Special Deputy Attorney General
State Bar No. 43921
mtulchin@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Phone: 919-716-6900
Fax: 919-716-6763
*Counsel for Defendants*