IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>      Defendants. | **JOINT AMENDED RULE 26(f) REPORT** |

**Joint Amended Rule 26(f) Report**

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1, a meeting was held on April 24, 2024 by video teleconference and was attended by Robert L. Lindholm, Matthew G. Lindenbaum, Donna O. Tillis, Soren Young, and Michelle Duprey representing Plaintiffs and Matthew Tulchin representing Defendants.

2. On May 6, 2024, the Parties submitted separate Rule 26(f) Reports laying out their proposed discovery plans.

3. On May 22, 2024, the Court heard the Parties' arguments and ordered the Parties to submit a revised discovery plan conforming with the Court's decisions at the May 22, 2024 hearing.

4. **Discovery Plan.** The Parties submit the following discovery plan:

    a. Commencement Date and Time for Discovery. The "commencement date" of discovery will be upon entry of this Order.

    b. Needed Discovery. Discovery will be needed on the following subjects:

        i. NCDPS' policies and procedures related to confinement of juveniles.
        ii. NCDPS's actual practices related to confinement of juveniles, including data relating to the amount of time juveniles are confined to their cells.
        iii. The provision of educational services to juveniles.
        iv. The provision of mental health services to juveniles.
        v. The nature and amount of time juveniles are allowed outside of their cells.
        vi. The conditions of the cells at juvenile detention centers.
        vii. The sufficiency of staffing at juvenile detention centers and any efforts to increase or decrease the same.
        viii. Oversight of juvenile detention centers, including any inspections by outside organizations.
        ix. Facts and allegations included in the Complaint
        x. The named Plaintiffs' conditions of confinement.
        xi. The scope of Plaintiffs' proposed class.
        xii. Other topics and/or issues as developed during discovery.

    c. Case Management Track. Discovery shall be placed on a case-management track established in L. Civ. R. 26.1. The Parties agree that the appropriate plan for this case (with any proposed modifications set out below) is that designated in L. Civ. R. 26.1(a) as Complex.

    d. Initial Disclosures. The Parties will complete the initial disclosures required by Rule 26(a)(1) by June 14, 2024.

e. <u>Notices of Inspection.</u> Plaintiffs anticipate issuing requests for inspection of juvenile detention centers run by the State of North Carolina.

f. <u>Completion of Fact Discovery.</u> The date for the completion of fact discovery is: September 3, 2024.

g. <u>Modifications.</u> Proposed modifications to the case management track include:

   i. *Interrogatories.* The Parties agree that each side will be allowed up to 30 interrogatories that may be served upon the other side, with additional interrogatories allowed by stipulation of the Parties or by Order of the Court.

   ii. *Depositions.* The Parties agree that each side shall be allowed 10 depositions, including depositions of experts, with additional depositions to be taken by stipulation of the Parties or by Order of the Court.

h. <u>Expert Reports.</u> Expert reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due as set forth below.

   i. Reports by Plaintiffs by November 4, 2024.

   ii. Reports by Defendants by December 11, 2024. Additional time has been built in here to accommodate Defendants in light of the Thanksgiving holiday that falls in between deadlines.

   iii. Any rebuttal reports permitted under Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be served within 30 days after service of the opposing party's reports.

   iv. All expert discovery shall be concluded by February 3, 2025.

i. <u>Extensions</u>. The Parties may informally grant extensions of time to respond to discovery without having to seek Court approval. But the Parties may not agree to extend the deadline to conclude discovery without seeking Court approval.

j. <u>Supplementation</u>. Supplementations under Fed. R. Civ. P. 26(e) are due as soon as practicable, but no later than 30 days prior to the close of discovery.

k. <u>ESI Protocol.</u> Given the scope of necessary discovery currently envisioned by the Parties, the Parties believe that a protocol for the handling of electronically stored information ("ESI") is necessary at this time. A stipulation to ESI Protocols will be filed within 14 days of this report.

3. **Mediation.** Mediation should be conducted midway through the discovery period, the exact date to be set by the mediator after consultation with the Parties. The Parties agree that the mediator shall be Asa L. Bell, subject to his availability.

4. **Preliminary Deposition Schedule.** The Parties will coordinate regarding a reasonable schedule for depositions in this matter. All fact depositions will be complete by September 3, 2024. All expert depositions will be complete by February 3, 2025.

5. **Other Items.**

   a. <u>Amending Complaint.</u> The Parties should be allowed to request leave to join additional parties or amend pleadings up until and including 30 days prior to the completion of fact discovery on September 3, 2024. If, however, subsequent discovery supports asserting additional claims or defenses then the Parties reserve the right to seek court intervention allowing the Parties to amend the Complaint or their Answer.

   b. <u>Further Amendment.</u> After the above-referenced dates have passed, the Court will consider, inter alia, whether the granting of leave would delay trial.

   c. <u>Reference to Magistrate.</u> The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master. The Parties do not consent to the trial jurisdiction of a Magistrate Judge.

   d. <u>Disclosure, discovery, or preservation of electronically stored information.</u> The Parties have a disagreement over preservation of video surveillance footage inside the juvenile detention centers. The Parties are meeting and conferring regarding the issue and will raise with the Court to the extent necessary.

   e. <u>Dispositive Motions.</u> The Parties may file dispositive motions within 45 days after the close of expert discovery.

   f. <u>Trial.</u> Plaintiffs anticipate a trial will take approximately 3-4 weeks. Defendants anticipate trial will take approximately one week. The Parties,

however, will have a better idea of length of a trial as this case proceeds in discovery.  A jury trial has not been demanded.

g. <u>Confidentiality.</u>  The Parties discussed whether the case will involve the possibility of confidential or sealed documents.  The Parties believe that few, if any, documents will be filed under seal.  The Parties will separately file a L. Civ. R. 5.5 Report.

h. <u>Subject Matter Jurisdiction.</u>  The basis of federal subject matter jurisdiction is federal question jurisdiction.

i. <u>Service by Email.</u>  For documents that are required to be served in accordance with Fed. R. Civ. P. 5, the Parties consent to having those documents sent to their counsel of record by email or secure file transfers.  Service of any document required to be served under Rule 5 is therefore effective if the serving party emails or sends that document by secure file transfer to the party's counsel of record provided the serving party does not receive confirmation that the document failed to reach its recipient.

j. <u>Privilege</u>.  The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

Dated:  May 29, 2024

[*signatures on next page*]

| | |
|---|---|
| **NELSON MULLINS RILEY & SCARBOROUGH LLP** | **JOSHUA H. STEIN ATTORNEY GENERAL** |
| /s/ Robert L. Lindholm | /s/ Matthew Tulchin |
| Robert L. Lindholm (N.C. Bar No. 52800) | Orlando L. Rodriguez |
| One Wells Fargo Center, 23rd Floor | Special Deputy Attorney General |
| 301 South College Street | State Bar No. 43167 |
| Charlotte, NC 28202 | orodriguez@ncdoj.gov |
| (704) 417-3000 | |
| robert.lindholm@nelsonmullins.com | Matthew Tulchin |
| | Special Deputy Attorney General |
| Donna O. Tillis* | State Bar No. 43921 |
| Yasmeen Ebbini* | mtulchin@ncdoj.gov |
| Michelle Campbell** | |
| 1320 Main Street, 17th Floor | North Carolina Department of Justice |
| Columbia, SC 29201 | P.O. Box 629 |
| (803) 799-2000 | Raleigh, North Carolina 27602 |
| donna.tillis@nelsonmullins.com | Phone: 919-716-6900 |
| yasmeen.ebbini@nelsonmullins.com | Fax: 919-716-6763 |
| michelle.campbell@nelsonmullins.com | |
| | *Counsel for Defendants* |
| Matthew G. Lindenbaum* | |
| One Financial Center, Suite 3500 | |
| Boston, MA 02111 | |
| (617) 217-4700 | |
| matthew.lindenbaum@nelsonmullins.com | |

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil Rule 83.1(d)*
**Notice of Special Appearance forthcoming*

*Counsel for Plaintiffs*