IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>    Defendants. | **MOTION FOR CLASS CERTIFICATION** |

Plaintiffs John Doe 1 and John Doe 2 (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated, hereby move this Court to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure consisting of all juveniles who are currently, or in the future will be, detained in a North Carolina juvenile detention

facility operated by the North Carolina Department of Public Safety ("NCDPS"). In support, and as fully detailed in the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification filed herewith, Plaintiffs state the following:

1. NCDPS is an agency of the State of North Carolina. Under North Carolina law, NCDPS is responsible for administering educational, clinical, psychological, psychiatric, vocational, and recreational services for juveniles in detention centers across the state of North Carolina.

2. NCDPS's juvenile detention centers together hold approximately 2,500 children.

3. Despite widespread condemnation of solitary confinement for incarcerated juveniles due to its harmful and lasting effects, NCDPS has adopted a policy, custom, and practice of subjecting children as young as ten years old to solitary confinement as they await adjudication of their juvenile cases. Solitary confinement at these juvenile detention centers is not the exception—it is *the norm*. For most children in NCDPS's care at these juvenile detention centers, the moment they step inside the juvenile detention center they are placed in solitary confinement; the next time they get out of solitary confinement is the moment they are released from the juvenile detention center.

4. Named Plaintiffs are juveniles currently or previously placed in solitary confinement by NCDPS for up to 23 hours or more a day. Both are black males between the ages of 16 and 18 years old appearing in this action through a parent and guardian.

5. Named Plaintiffs seek relief on behalf of themselves and a putative class of similarly situated juveniles under the Eighth and Fourteenth Amendments to the United States Constitution—specifically, for injunctive relief prohibiting NCDPS from subjecting juveniles in their care to this unconstitutional and inhumane conduct.

6. Named Plaintiffs were both pre-adjudication detainees at a NCDPS facility at the time the Complaint was filed and are currently detained at a NCDPS facility. Named Plaintiffs now move to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure consisting of all juveniles who are currently, or in the future will be, detained in a North Carolina juvenile detention facility operated by NCDPS (the "Class").

7. This Court should certify the proposed Class, as many courts facing similar claims by juveniles placed in solitary confinement have done. *See, e.g.*, *A.T. v. Harder*, 298 F. Supp. 3d 391 (N.D.N.Y. 2018); *Wilburn v. Nelson*, 329 F.R.D. 190 (N.D. Ind. 2018); *V.W. v. Conway*, 236 F. Supp. 3d 554 (N.D.N.Y. 2017); *Doe v. Hommrich*, No. 3:16-cv-00799, 2017 WL 660681 (M.D. Tenn. Feb. 17, 2017); *Alex A. v. Edwards*, No. 3:22-cv-00573, 2023 WL 5628592 (M.D. La. Aug. 31, 2023).

8. Because "certification as a class action serves important public purposes," courts "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case 'best serve the ends of justice for the affected parties and promote judicial efficiency.'" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*, 880 F.2d 709, 740 (4th Cir. 1989)); *Cerrato v. Durham Pub. Sch. Bd. of Educ.*, No. 1:16CV1431, 2017 WL 2983301,

at *2 (M.D.N.C. Mar. 17, 2017); *Hutson v. CAH Acquisition Co. 10, LLC*, No. 1:15CV742, 2016 WL 4289473, at *2 (M.D.N.C. Aug. 15, 2016); *see also Scott v. Clarke*, 61 F. Supp. 3d 569, 584 (W.D. Va. 2014).

9. More specifically, this Court should certify the proposed Class because it meets all requirements of Rule 23 of the Federal Rules of Civil Procedure:

    a. "The threshold requirements for class certification under Rule 23(a) are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." *Peters v. Aetna Inc.*, 2 F.4th 199, 241 (4th Cir. 2021) (citing Fed. R. Civ. P. 23(a)); *Johnson v. Jessup*, 381 F. Supp. 3d 619, 632 (M.D.N.C. 2019).

    b. The Class is sufficiently numerous because it includes thousands of children whom NCDPS detains each year. *See* Fed. R. Civ. P. 23(a)(1); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967); *Buffkin v. Hooks*, No. 1:18CV502, 2018 WL 6271855, at *4 (M.D.N.C. Nov. 30, 2018).

    c. The Class satisfies the commonality requirement because all members are held in solitary confinement by NCDPS and challenge its solitary confinement policies and practices. *See* Fed. R. Civ. P. 23(a)(2); *Peters*, 2 F.4th at 242; *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Jordan v. Preferred Fin. Corp., LLC*, No. 1:21-CV-914, 2022 WL 17833053, at *3 (M.D.N.C. Dec. 21, 2022); *see also Johnson*, 381

4

F. Supp. 3d at 634.

    d.    The Named Plaintiffs satisfy the typicality requirement because they both seek uniform relief from conditions of confinement imposed by NCDPS, and their claims and defenses are typical of the claims and defenses of other Class-members. *See* Fed. R. Civ. P. 23(a)(3); *Johnson*, 381 F. Supp. 3d at 634; *Bumgarner v. NCDOC*, 276 F.R.D. 452, 457 (E.D.N.C. 2011); *Buffkin*, 2018 WL 6271855, at *6.

    e.    The adequacy requirement is satisfied because Named Plaintiffs are capable and determined to litigate the Class claims, have no conflicts of interest with the Class, and are represented by experienced class counsel also without any conflicts. *See* Fed. R. Civ. P. 23(a)(4); *Johnson*, 381 F. Supp. 3d at 632; *Buffkin*, 2018 WL 6271855, at *7; *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

10.    Additionally, class certification is appropriate because the putative Class "is one of the three types of classes described in Rule 23(b)." *See Johnson*, 381 F. Supp. 3d at 632 (citing Fed. R. Civ. P. 23(b)(2)).

    a.    This class action may be maintained under Rule 23(b)(2) because NCDPS continues to confine Class-members unconstitutionally and refuses to change its policies and practices, permitting declaratory and injunctive relief appropriate for the class as a whole. *See* Fed. R. Civ. P. 23(b)(2); *Buffkin*, 2018 WL 6271855, at *7; *Wilburn*, 329 F.R.D. at 195–

5

96; *Harder*, 298 F. Supp. 3d at 411; *Conway*, 236 F. Supp. 3d at 575; *Hommrich*, 2017 WL 660681, at *5; *see also Edwards*, 2023 WL 5628592, at *4.

    b. This class action also may be maintained under Rule 23(b)(1) because the prosecution of separate actions by individual Class-members would risk inconsistent adjudications. *See* Fed. R. Civ. P. 23(b)(1); *Wilburn*, 329 F.R.D. at 198–99.

    c. This class action also may be maintained under Rule 23(b)(3) because the common questions of law and fact presented predominate over any questions affecting individual members and because a class action is a superior method for resolving the controversy fairly and efficiently. *See* Fed. R. Civ. P. 23(b)(3); *Wilburn*, 329 F.R.D. at 198.

11. True and correct copies of the following are attached hereto as exhibits in support of this Motion for Class Certification, with minor redactions to protect personal information not relevant to the substance thereof:

    a. the declaration of Louis J. Kraus, M.D., attached hereto as **Exhibit 1**;

    b. the declaration of Named Plaintiff John Doe 1, attached hereto as **Exhibit 2**;

    c. the declaration of Named Plaintiff John Doe 2, attached hereto as **Exhibit 3**;

    d. portions of NCDPS's Detention Services Policy, attached hereto as

**Exhibit 4**;

e. portions of NCDPS's Education Policies, attached hereto as **Exhibit 5**;

f. certain of the Room Confinement Logs produced by NCDPS in this matter, with individual names of juveniles and NCDPS employees redacted, attached hereto as **Exhibit 6**;

g. the declaration of Attorney Robert Lindholm, attached hereto as **Exhibit 7**;

h. the declaration of Attorney Matthew Lindenbaum, attached hereto as **Exhibit 8**; and

i. the declaration of Attorney Michelle Duprey, attached hereto as **Exhibit 9**.

12. Based on the foregoing reasons, the attachments hereto, and the full argument provided in the Memorandum of Law in Support of Motion for Class Certification, the Named Plaintiffs respectfully request that this Court grant this Motion for Class Certification.

[*signatures on next page*]

Dated this 26th day of September, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
301 South College Street
23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Yasmeen Ebbini*
Axton D. Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil Rule 83.1(d) Counsel for Plaintiffs*

**Motion for Special Appearance Pursuant to Local Civil Rule 83.1(d) Forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


Dated:  September 26, 2024           /s/  Robert L. Lindholm
                                     Robert L. Lindholm (N.C. Bar No. 52800)
                                     Nelson Mullins Riley & Scarborough LLP
                                     301 South College Street
                                     23rd Floor
                                     Charlotte, NC 28202
                                     (704) 417-3000
                                     robert.lindholm@nelsonmullins.com