IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>  Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF JOHN DOE 3'S CLAIMS WITHOUT PREJUDICE** |

# INTRODUCTION

  Plaintiff John Doe 3, a minor by and through his parent and natural guardian Jane Doe 3 ("John Doe 3"), hereby moves this Court to dismiss John Doe 3's claims against Defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). John

Doe 3 has turned 18 years old and is no longer detained at a juvenile detention center in North Carolina. Accordingly, John Doe 3 seeks to dismiss his claims against Defendants. Defendants would not suffer unfair prejudice by the dismissal of John Doe 3's claims.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." "Rule 41(a) permits the voluntary dismissal of fewer than all defendants in an action. Such use of Rule 41(a) is certainly standard practice in this district." *Duke Progress Energy LLC v. 3M Co.*, No. 5:08-CV-460, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "'A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant.'" *Harford Mut. Ins. Grp., Inc. v. Presidia Gen. Contracting Inc.*, No. 1:21CV628, 2022 WL 4621367, at *2 (M.D.N.C. Sept. 30, 2022) (internal citations omitted).

John Doe 3 has turned 18 years of age and is no longer detained at the Cabarrus Juvenile Jail or any juvenile detention center in North Carolina. Therefore, John Doe 3 seeks to dismiss his claims against Defendants without prejudice. Defendants would not be prejudiced by the dismissal of John Doe 3's claims because Defendants did not allege any counterclaim against John Doe 3 in their answer to Plaintiffs' class action complaint. Fact discovery does not end until February 3, 2025, and no trial date has been set.

2

Therefore, the dismissal of John Doe 3's claims will not deny Defendants of any defense that they are entitled to, and ongoing discovery will provide ample opportunity for Defendants to litigate their case. Plaintiff's counsel has consulted with Defendants' counsel regarding this motion and Defendants advised they consent to the motion.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff John Doe 3 respectfully asks the Court to dismiss his claims without prejudice.

*[SIGNATURE PAGE FOLLOWS]*

This the 27th day of December, 2024.

| | |
|---|---|
| **NELSON MULLINS RILEY & SCARBOROUGH LLP** | **COUNCIL FOR CHILDREN'S RIGHTS** |
| /s/*Robert L. Lindholm* <br> Robert L. Lindholm (N.C. Bar No. 52800) <br> 301 South College Street <br> 23rd Floor <br> Charlotte, NC 28202 <br> (704) 417-3000 <br> robert.lindholm@nelsonmullins.com | Michelle Duprey (N.C. Bar No. 53205)* <br> 601 E. Fifth Street, Suite 510 <br> Charlotte, NC 28202 <br> (704) 943-9642 <br> MDuprey@cfcrights.org |

Donna O. Tillis*
Soren Young*
Yasmeen Ebbini*
Axton D. Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
soren.young@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

*Counsel for Plaintiffs*

**Special Appearance Pursuant to Local Civil Rule 83.1(d)*
***Motion for Special Appearance Pursuant to Local Civil Rule 83.1(d) Forthcoming*

## CERTIFICATE OF SERVICE

    I hereby certify that, on December 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


Dated: December 27, 2024

                                        */s/ Robert L. Lindholm*
                                        Robert L. Lindholm (N.C. Bar No. 52800)
                                        Nelson Mullins Riley & Scarborough LLP
                                        301 South College Street
                                        23rd Floor
                                        Charlotte, NC 28202
                                        (704) 417-3000
                                        robert.lindholm@nelsonmullins.com