# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1:24-CV-00017-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; and JOHN DOE 3, a minor, by and through his parent and natural guardian, JANE DOE 3; on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>    Defendants. | **EMERGENCY MOTION FOR STATUS CONFERENCE** |

    Plaintiffs John Doe 1 and John Doe 2 ("Plaintiffs") respectfully submit this Emergency Motion for Status Conference to afford the Parties an immediate conference on an exigent and critical issue: Defendants' failure to conduct and complete review of email communications potentially responsive to Plaintiffs' document requests and its effect on the Scheduling Order in this case. Plaintiffs have conferred and attempted to collaborate

with Defendants repeatedly about email review and production over the course of discovery in an attempt to avoid Court intervention. Less than two weeks before the fact discovery deadline, however, it is now clear that Defendants had no intention to ever comply with the fact discovery deadline set out in this case.[1]

On May 3, 2024, Plaintiffs served their First Requests for Production of Documents (the "Requests") on Defendants. Many of the Requests seek communications, including email, from Defendants. In an attempt to expedite Defendants' document review and production, starting in July 2024 Plaintiffs worked extensively with Defendants in an attempt to help them craft search terms to identify responsive documents to the Requests. The parties reached agreement on search terms for particular Requests on a rolling basis and expected that Defendants were reviewing those documents on a rolling basis. For example, as of September 27, 2024, the Parties had agreed upon an initial set of search terms and custodians, and by October 15, 2024, the Parties had resolved all outstanding issues regarding the scope of Defendants' document collection and review.

Although Plaintiffs were persistent in following up with Defendants regarding the status of their email review and production, Defendants did not produce *a single email* from their email review until January 8, 2025—less than 4 weeks before the fact discovery deadline—when Defendants produced 29,594 documents (the "January 8 Production").[2]

---

[1] Counsel for Plaintiffs reached out to counsel for Defendants for their position on the "need to have a status conference with the court regarding the status of discovery." Defendants' counsel advised they believed a status conference would make sense.

[2] It is not clear yet from communications with Defendants how many of those documents, if any, Defendants have actually reviewed for responsiveness to Plaintiffs' Requests.

2

The next day, Defendants confirmed to Plaintiffs that the January 8 Production "should have contained ALL non-privileged emails collected from the custodians." (Jan. 9, 2025 Email from M. Tulchin to R. Lindholm, attached hereto as Exhibit A) (capitalization in original.) That representation was incorrect.

After beginning to review Defendants' January 8 Production, Plaintiffs quickly realized that there were numerous deficiencies in the document production. Most importantly, as Plaintiffs noted in a January 10, 2025 letter to Defendants, the volume of the January 8 Production was highly questionable given that the final set of hit counts Defendants provided to Plaintiffs showed the agreed-upon search terms hitting on hundreds of thousands of documents. (Jan. 10, 2025 Letter from R. Lindholm to M. Tulchin, attached hereto as Exhibit B.)

On January 16, 2025, Plaintiffs took the deposition of Belinda Cauthen, an employee of Defendant North Carolina Department of Public Safety ("NCDPS"). During Ms. Cauthen's deposition, Ms. Cauthen testified regarding a daily report that she and other educators received regarding juveniles' availability to attend class and whether they were in solitary confinement. It became apparent during the deposition that Defendants had only produced a small subset of those daily reports.

Only after Ms. Cauthen's deposition revealed that Defendants' document production was incomplete did Defendants respond to Plaintiffs' January 10 letter regarding deficiencies in their document production. The next day, on January 17, 2025, Defendants admitted that their prior representation that they had produced all non-privileged documents was false. (Jan. 17, 2025 Email from M. Tulchin to R. Lindholm,

3

attached hereto as Exhibit C.) In fact, the January 8 Production contained only "the first batch of [email] documents" responsive to Plaintiffs' Requests. (*Id.*) Defendants revealed—less than three weeks before the close of fact discovery—"[t]here remain **hundreds of thousands of documents that we have not yet completed our review of** and thus have yet to produce." (*Id.* (emphasis added).) Incredibly, Defendants' proposed solution was to shift the burden of review to Plaintiffs by "produc[ing] the remaining hundreds of thousands of documents subject to clawback of any privileged documents that may inadvertently be remaining in those documents." (*Id.*) In short, Defendants would produce hundreds of thousands of documents to Plaintiffs for *Plaintiffs* to then review, at *Plaintiffs'* own expense, for *Plaintiffs* to decide whether the documents were responsive to *Plaintiffs'* own Requests, and for *Plaintiffs* to advise Defendants if any of the documents were privileged so that Defendants could claw them back.

Defendants' utter failure to conduct and complete a review of potentially responsive email communications and their transparent attempt to sandbag Plaintiffs in the middle of depositions with a dump of hundreds of thousands of documents for Plaintiffs to review is untenable and egregious. It severely prejudices Plaintiffs—a putative class of juveniles subject to persistent and often long-term solitary confinement at the hands of Defendants in juvenile jails across the State, which is still occurring today—by impermissibly delaying discovery and thereby preventing them from effectively prosecuting their case.

The Parties have already twice been forced to move the Court to extend the deadlines in the Scheduling Order due to Defendants' failure to complete their document production. (*See* ECF Nos. 43, 46.) In addition, Plaintiffs have already been forced to

4

delay the deposition of Belinda Cauthen, previously scheduled for January 9, 2025, due to Defendants' failure to produce any of her emails until the January 8 Production, and now Plaintiffs will be unable to move forward with the depositions of Defendant William Lassiter, Defendant Peter Brown, and Defendant Eddie Buffaloe, Jr. and the Rule 30(b)(6) deposition of Defendant NCDPS due to Defendants' admission that they have failed to even review, much less produce, hundreds of thousands of potentially relevant documents. Plaintiffs' deadline to disclose their expert witnesses is February 18, 2025, and even if Plaintiffs accepted Defendants' attempt to shift the burden of discovery to Plaintiffs by having Plaintiff review hundreds of thousands of Defendants' documents for responsiveness to Plaintiffs' own Requests, there is simply not enough time to identify documents in Defendants' proposed production relevant to Plaintiffs' expert witness testimony.

Plaintiffs cannot continue to be forced to extend deadlines and delay depositions due to Defendants' inability to complete discovery. Plaintiffs have attempted to work collaboratively with Defendants, but it is clear that Defendants have no desire to comply in good faith with their discovery obligations. Defendants' continued delays serve only to extend the time that Plaintiffs and the other juveniles in North Carolina Juvenile Detention Centers sit in solitary confinement, irreparably harming their physical and mental health. There must be deadlines set for Defendants to complete their document production and for depositions to be completed. And consequences if Defendants fail to meet those deadlines.

It is unfortunately ironic that Defendants are defending themselves against allegations that they detained juveniles in prolonged solitary confinement under the guise

5

of staffing shortfalls and now they have failed to comply with their discovery obligations and blame it on the fact that they have failed to adequately staff the litigation. In neither case does inadequate staffing excuse Defendants' actions. Accordingly, Plaintiffs respectfully request that this Court schedule a status conference on or before January 24, 2025 to address Defendants' failure to conduct and complete review of email communications potentially responsive to Plaintiffs' document requests and its effect on the Scheduling Order in this case.

*[SIGNATURE PAGE FOLLOWS]*

Dated: January 21, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm
N.C. Bar No. 52800
301 South College Street
23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Soren Young*
Yasmeen Ebbini*
Axton Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
soren.young@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil Rule 83.1(d)*
**Notice of Special Appearance Pursuant to Local Civil Rule 83.1(d) forthcoming*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Dated: January 21, 2025

/s/ Robert L. Lindholm
Robert L. Lindholm
N.C. Bar No. 52800
Nelson Mullins Riley & Scarborough LLP
301 South College Street
23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com