IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>*Defendants*. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR STATUS CONFERENCE** |

Defendants, the North Carolina Department of Public Safety, Eddie Buffaloe, in his official capacity as Secretary of the North Carolina Department of Public Safety, William L. Lassiter, in his official capacity as Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, and Peter Brown, in his official capacity as Facility Director of the Cabarrus Regional Juvenile Detention Center, through their undersigned counsel, submit this response to Plaintiffs' titled Emergency Motion for Status Conference ("Pls' Motion"). (D.E. 58)

This is not the first Emergency Motion for Status Conference that Plaintiffs have filed in this case. (*See, e.g.,* D.E. 35) The Court is well aware of the circumstances (and the parties' briefing) surrounding that motion. Here again, Plaintiffs have declined to constructively engage in discussions to resolve discovery disputes prior to engaging in motion practice. Defendants have been willing, and remain willing, to constructively

engage with Plaintiffs. Indeed, they welcome the opportunity to develop cooperative solutions that meet Plaintiffs needs but also account for the realities of their resource limitations (including a recent change to one of the primary attorneys handling this matter for Defendants).[1]

This present motion apparently seeks to use the discovery process to burden and harass Defendants.  Early in the discovery process, Plaintiffs served overly broad and voluminous discovery requests prior to the Initial Pretrial Conference and the entry of a scheduling order in the case.  A copy of Plaintiff's' first document requests to Defendants are attached as Exhibit A.  When counsel for Defendants asked for a 30-day extension of time in which to respond to Plaintiffs' lengthy discovery requests, which is a common practice in litigation and normally granted as a professional courtesy, Plaintiffs resisted.[2] Instead, Plaintiffs granted Defendants a mere 10-day extension of time to serve their objections and responses, despite Defendants making it clear that they would not be in a position to serve any documents within that time frame.  A true copy of the email correspondence between the parties is attached as Exhibit B.

Unfortunately, this characterizes Plaintiffs approach to discovery in this case.  In

---

[1] Orlando Rodriguez, who was one of two primary counsel for Defendants, left NCDOJ in early January for another position in state government. Another counsel, Laura McHenry, has been diligently working to get up to speed in order to represent Defendants in this case along with Matt Tulchin  Both of Defendants' current counsel also have numerous other cases and responsibilities.
[2] Defendants indicated to Plaintiffs this need for an extension several weeks before the discovery schedule was entered in the case.

2

this case, Plaintiffs have waited until either the eve of a holiday or late on a Friday to send communications regarding discovery (*see, e.g.,* correspondence attached as Exhibits C, D, and E), noticed several depositions without first consulting Defendants regarding the availability of counsel or witnesses, and, most recently, served numerous additional discovery requests (including an additional **26** interrogatories and **23** Requests for Admissions) towards the end of the scheduled fact discovery period (*see* Ex. E).[3]

    Plaintiff's current motion is disingenuous, misleading, and, on occasion, false. First, the assertion that juveniles in the State of North Carolina are being subjected to "often long-term solitary confinement at the hands of Defendants in juvenile jails across the State," is patently false. Similarly, Plaintiffs' contention that Defendants' attorneys have utterly failed to conduct a review of email communications, attempted to "sandbag" Plaintiffs, and otherwise impermissibly delayed discovery and prevented Plaintiffs from prosecuting their case is misleading and without merit.

    Indeed, Defendants have diligently tried to work with Plaintiffs throughout this discovery process to ensure the fact-finding is thorough and complete, while balancing the equities and burdens in the case. Defendants worked tirelessly with Plaintiffs to agree on an ESI Protocol at the beginning of the case. The Court signed off on that protocol on June 24, 2024. (D.E. 34)

---

[3] To date, Plaintiffs have served **83** document requests on Defendants, including 14 in their third set of requests. It is apparent that, rather than serve the last set much earlier in the discovery process, Plaintiffs have deliberately waited until the last possible day in order to further harry Defendants.

Defendants then negotiated with Plaintiffs to establish acceptable search terms, custodians, and parameters for the collection of documents. That process took several months (with some trials and errors along the way) and a final agreement was not reached until October 15, 2024. A copy of communications (externally and internally) and an Excel Spreadsheet reflecting those efforts are attached as Exhibits F, G, and H. Defendants did not finish collecting the documents that resulted from the final agreed upon parameters until October 25, 2024, and it took an additional several weeks to upload and process all the documents into Everlaw, the document review and production tool used by the North Carolina Department of Justice. *See* Exhibit H; *see also* Exhibit I (November 20-22, 2024, email correspondence between the parties). As evidenced by the attached correspondence, Plaintiffs' characterization of Defendants' actions and their accusations are baseless.

Contrary to Plaintiffs attempts to castigate Defendants for their conduct of discovery in this case, Defendants have worked assiduously and earnestly in responding to Plaintiffs' voluminous discovery requests. To date, Defendants have completed seven document productions (not including a production of documents prior to the beginning of the discovery period), consisting of more than 170,000 pages of information. The electronic search and collection of documents that was completed at the end of October resulted in almost 900,000 documents. Of those documents, Defendants have completed reviewing almost 200,000 since November and produced nearly 30,000 responsive emails. More than 600,000 documents remain outstanding.

Plaintiffs, in their motion, feign outrage at one of Defendants' proposed solutions – immediately producing all remaining documents without review, subject to claw back – and assert that such a proposal "is untenable and egregious." Pls Motion at 4. What Plaintiffs fail to mention, or otherwise disclose to the Court, is that *Plaintiffs* were the ones who initially proposed that solution. Indeed, Plaintiffs suggested to Defendants just over a month and a half ago that, "[i]n attempt to minimize or ideally avoid moving the Court for further extensions to the discovery deadlines in this case, Plaintiffs propose that Defendants produce all document families hitting on the agreed upon search terms to Plaintiffs *without review for responsiveness.* To alleviate concerns about the production of privileged materials, Plaintiffs would be amenable to excluding from this production any documents hitting on the names or emails addresses of Defendants' counsel and reserving the right to claw back any privileged documents that are discovered after production." (Nov. 22, 2024 email from R. Lindholm to O. Rodriguez, attached as Exhibit I) (emphasis added).

In sum, Plaintiffs' motion and their allegations are baseless. Defendants have never represented that they would refuse to produce documents or otherwise supplement their existing discovery responses – even after the close of fact discovery. In fact, on multiple occasions Defendants have suggested to Plaintiffs that the parties would be better served to seek an extension from the Court of the fact discovery deadline.

Defendants have acted reasonably throughout the discovery process in this case.

5

Moreover, Defendants remain committed to reviewing the remaining unreviewed documents and producing all responsive, non-privileged material. Defendants are willing to follow any reasonable path forward, including review by Plaintiffs as they initially suggested in their email correspondence to Defendants, review by Defendants with additional time, or a somewhat expedited review with the aid of an outside review team. Regardless, Defendants have repeatedly informed Plaintiffs of the number of documents outstanding, and their willingness to work with them to ensure that review is done in an expeditious and thorough manner.

Respectfully submitted this the 23rd day of January, 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ Matthew Tulchin
Matthew Tulchin
Special Deputy Attorney General
State Bar No. 43921
Email: mtulchin@ncdoj.gov

Laura H. McHenry
Special Deputy Attorney General
State Bar No. 45005
Email: lmchenry@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: 919-716-6900

Fax: 919-716-6763

*Attorneys for Defendants*