IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,<br><br>Defendants. | No. 1:24-CV-00017-LCB-JLW<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs John Doe 1, John Doe 2, and John Doe 3 (collectively, the "Plaintiffs"), serve this First Set of Requests for Production to Defendant North Carolina Department of Public Safety ("NCDPS") and request that responses be submitted in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

A. These Requests are continuing in nature, and Plaintiffs request that You file supplemental answers within a reasonable time after obtaining further or different information in accordance with Federal Rule of Civil Procedure 26(e).

B.  If You object to, or otherwise decline to answer any portion of any Request, You must provide a response to that portion of the Request to which You do not object, or to which You do not decline to provide a response. If You object to a Request on the grounds that it is too broad, provide a response to that portion which You concede is within the scope of discovery.

C.  If, in responding to any of these Requests, You reasonably encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering that Request.

D.  Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

E.  If any otherwise discoverable information requested herein is withheld based upon a claim that it is privileged or subject to protection as trial preparation materials, please make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiffs to assess the applicability of the privilege or protection, including at minimum the date of the document, the sender, recipient, and anyone who is designated as receiving copies of the document, a description of the contents of the document, and the basis on which the document is withheld from production.

F.  In the event that any document requested to be identified has been destroyed or otherwise disposed of since its preparation or receipt, set forth the author, addressee, date, number of pages, attachments or appendices, all persons to whom distributed, shown, or explained, present custodian, and a general description of the document.

G.  If a document may become available in the future, please state when such a document will be available.

H. To the extent any documents, information, or electronically stored information responsive to these Requests are accessible or obtainable by You, but stored or maintained by a third party (for example, an internet service provider or a web-based email provider), You should obtain the requested information from the third party and produce it along with the other information requested herein. To the extent You claim that You will be unduly burdened by obtaining the requested information from the third party, please notify counsel for Plaintiffs, and execute any and all written requests or authorizations required to enable Plaintiffs to obtain the responsive information from the third party.

I. If in response to a Request You do not know all facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the Request as You can, and provide such facts as are known to You and any estimates, approximations or beliefs should be clearly denoted as such, and the bases for Your belief in their reliability should be explained.

J. References to the singular shall include the plural, and references to the plural shall include the singular. Also, the past verb tense shall include the present, and the present verb tense shall include the past.

K. Unless otherwise indicated, these Requests broadly refer to the time, place, and circumstances of subject matters and issues mentioned, reasonably related to, or identified in the pleadings.

L. Identify all documents withheld on a claim of privilege with the exact privilege claim being fully described, including the name, address and title of the documents, authors and recipients, the subject matter of the document, and the statute, rule or provision claimed as the basis for the privilege asserted.

3

M. The relevant time period for all Requests is January 1, 2022 through the date of production unless stated otherwise in the Request.

## DEFINITIONS

1. "All" includes "each and every."

2. "And" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of a Request information that otherwise would not be brought within its scope.

3. "Answer" means Defendants' Answer filed on April 4, 2024.

4. "Cell" means the room or other sleeping area assigned to a particular juvenile in a Juvenile Detention Center.

5. "Communication" is used in the broadest sense and includes, but is not limited to, the actual or attempted imparting or interchange of thoughts, opinions, or information by speech, writing, signs, or electronic medium.

6. "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts of the following items, whether printed, recorded, or reproduced by any other mechanical process, or stored electronically, or written or produced by hand: correspondence in any format, notices, letters, e-mails, disclosures, electronic messages including text and SMS messages, memoranda, records, summaries of personal conversations, interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, data, contracts, agreements, purchase orders, invoices, confirmations, books, notes, reports, logs, diaries, tape recordings, transcripts of tape recordings, charts, spreadsheets, tables, cancelled checks, bills, plans, interoffice communications, telephone message books, plats, sketches, briefs, presentations in any format, calculations, timelines, social

4

media posts, blog posts, advertisements, brochures, fliers, postings on any job board, or any other form of writings or records of any kind.

7. "Juvenile Detention Center" means any North Carolina facility that temporarily houses juveniles alleged to have committed a delinquent act or to be a runaway, including but not limited to the following detention centers: Alexander Regional Juvenile Detention Center; Cabarrus Regional Juvenile Detention Center; Chatham Detention; Cumberland Regional Juvenile Detention Center; Dillon Regional Juvenile Detention Center; Lenoir Detention; New Hanover Regional Juvenile Detention Center; Pitt Regional Juvenile Detention Center; Richmond Jenkins Juvenile Detention Center; and Wake Regional Juvenile Detention Center.

8. "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

9. The terms "related," "relating to" and "concerning" separately and individually mean directly or indirectly mentioning, describing, referring or pertaining to, involving in any way, being connected with, reflecting upon, or embodying a stated subject matter.

10. "Representative" means any person acting or purporting to act on behalf of any other person.

11. "Sent" means any manner of delivery or attempted delivery including, but not limited to, oral (including, but not limited to telephonically), physical (such as, but not limited to hand, mail, or private parcel service), or electronic (including but not limited to e-mail, facsimile, or other means of transmission).

12. "Solitary Confinement" means administrative confinement, isolation, segregation, restrictive housing, Temporary Confinement, confinement due to safety, security, or inadequate staffing concerns, or any other similar practice.

13. "Temporary Confinement" means the temporary isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, paragraph 12 of Your Answer.

14. "You" and "Your" shall mean NCDPS and NCDPS's affiliates, agents, employees, independent contractors, servants, Representatives, and counsel.

## Requests for Production

1. All records relating to any juveniles held at any Juvenile Detention Center, including but not limited to, disciplinary records.

2. All versions of North Carolina Department of Juvenile Justice detention center policies, practices, and/or procedures, including the North Carolina Division of Juvenile Justice Policy: Detention Centers Juvenile Services manual, in place at any point in time from January 1, 2022 to present.

3. All versions of North Carolina Department of Juvenile Justice policies, practices, and/or procedures regarding educational services, including the North Carolina Division of Juvenile Justice Education Policy and Requirements and Procedures manual, in place at any point in time from January 1, 2022 to present.

4. All versions of policies, procedures, and practices regarding Solitary Confinement of juveniles in Juvenile Detention Centers in place at any point in time from January 1, 2022 to present.

5. All versions of any policies, procedures, and practices regarding the provision of educational services to juveniles in Juvenile Detention Centers in place at any point in time from January 1, 2022 to present.

6. All versions of any policies, procedures, and practices regarding the provision of mental health services to juveniles in Juvenile Detention Centers in place at any point in time from January 1, 2022 to present.

7. All reports (whether daily, weekly, or otherwise) reflecting the number of juveniles housed at each Juvenile Detention Center.

8. To the extent not produced in response to other requests, documents sufficient to show the number of juveniles housed at each Juvenile Detention Center (whether daily, weekly, or otherwise) from January 1, 2022 through present.

9. All Documents and Communications relating to the condition of Cells at Juvenile Detention Centers.

10. All video footage taken by security cameras, surveillance cameras, or any other sort of recording device at any Juvenile Detention Center.

11. All policies, procedures, or other guidelines relating to the retention of video footage taken by security cameras, surveillance cameras, or any other sort of recording device at any Juvenile Detention Center.

12. All Documents and Communications relating to the retention of video footage taken by security cameras, surveillance cameras, or any other sort of recording device at any Juvenile Detention Center.

13. All Documents and Communications relating to any safety or security incidents at any Juvenile Detention Center.

14. All Documents and Communications relating to any and all instances in which juveniles at any Juvenile Detention Center were placed in Solitary Confinement, including documents containing:

7

a. The identity of the incarcerated juvenile so confined;

b. The date of the confinement;

c. The reason for the confinement;

d. Whether staff conducted a mental health check on the incarcerated juvenile during confinement and, if so, the results of the check; and

e. The length of the confinement.

15. All Documents and Communications relating to any and all instances in which juveniles at any Juvenile Detention Center were placed in Temporary Confinement, including:

a. The identity of the incarcerated juvenile so confined;

b. The date of the confinement;

c. The reason for the confinement;

d. Whether staff conducted a mental health check on the incarcerated juvenile during confinement and, if so, the results of the check;

e. The length of the Temporary Confinement.

16. Logs or incident reports involving the Solitary Confinement or any similar practice of juvenile in Juvenile Detention Centers, including documents sufficient to demonstrate the amount of time juveniles spent in such confinement.

17. All Documents and Communications related to complaints or grievances involving Solitary Confinement at Juvenile Detention Centers.

18. All Documents and Communications related to inspections, investigations, monitoring, audits, studies, or analyses relating to or referencing Solitary Confinement.

19. All Documents and Communications related to the Vera Institute of Justice study published in December 2016 regarding NCDPS's use of Solitary Confinement or any similar

8

practice, from January 1, 2015 through present, including all Documents provided to the Vera Institute of Justice.

20. All studies, evaluations, or other analyses NCDPS has conducted, commissioned, received, or otherwise reviewed regarding the effects on juveniles of Solitary Confinement or any similar practice, without respect to the date on which the Documents were created.

21. To the extent not produced in response to other requests, all Documents and Communications relating to the length of time juveniles at Juvenile Detention Centers are or may be confined to their Cells.

22. All reports (whether daily, weekly, or otherwise) reflecting the number of staff working at each Juvenile Detention Center.

23. To the extent not produced in response to other requests, documents sufficient to show the number of staff working at each Juvenile Detention Center (whether daily, weekly, or otherwise) and the identities and job titles thereof.

24. Documents sufficient to show the number of hours per week each staff member at each Juvenile Detention Center worked from January 1, 2022 through present.

25. All reports (whether daily, weekly, or otherwise) reflecting the number of staff working at each North Carolina Youth Development Center from January 1, 2022 through the present.

26. To the extent not produced in response to other requests, documents sufficient to show the number of staff working at each North Carolina Youth Development Center (whether daily, weekly, or otherwise) from January 1, 2022 through the present and the identities and job titles thereof.

27. Documents sufficient to show the number of hours per week each staff member at each North Carolina Youth Development Center worked from January 1, 2022 through present.

28. All Documents and Communications related to complaints or grievances regarding the level, amount, adequacy, or sufficiency of staffing at any Juvenile Detention Center.

29. All studies, evaluations, or other analyses You have conducted, commissioned, received, or otherwise reviewed regarding the level, amount, adequacy, or sufficiency of staffing at Juvenile Detention Centers.

30. All Documents and Communications relating to any efforts NCDPS has taken to increase staffing levels at Juvenile Detention Centers.

31. All Documents and Communications relating to NCDPS's budget for staff at Juvenile Detention Centers, including any requests to increase or decrease said budget.

32. All job postings made by or on behalf of NCDPS relating to staff employment at Juvenile Detention Centers and any responses thereto.

33. All Documents and Communications relating to the approval of overtime for staff members at Juvenile Detention Centers.

34. To the extent not produced in response to other requests, all Documents and Communications relating to staffing at Juvenile Detention Centers.

35. Reports (whether daily, weekly, or otherwise) reflecting the number of teachers or educators providing educational services at each Juvenile Detention Center.

36. To the extent not produced in response to other requests, documents sufficient to show the number of teachers or educators providing educational services at each Juvenile Detention Center at any point in time from January 1, 2022 through present.

37. Reports (whether daily, weekly, or otherwise) or calendars reflecting the number of juveniles receiving educational services at each Juvenile Detention Center.

38. To the extent not produced in response to other requests, documents sufficient to show the number of number of juveniles receiving educational services at each Juvenile Detention Center at any point in time from January 1, 2022 through present.

39. To the extent not produced in response to other requests, documents sufficient to show the number of hours of educational services provided to each juvenile at each Juvenile Detention Center from January 1, 2022 through present.

40. All daily reports regarding educational services created by the NCDPS staff at the Cabarrus Regional Juvenile Detention Center referenced in paragraph 141 of Your Answer.

41. All Documents and Communications related to educational services provided to juveniles at Juvenile Detention Centers.

42. Reports (whether daily, weekly, or otherwise) reflecting the number of juveniles receiving mental health services at each Juvenile Detention Center.

43. To the extent not produced in response to other requests, documents sufficient to show the number of juveniles receiving mental health services at each Juvenile Detention Center from January 1, 2022 through present.

44. Documents sufficient to show the mental health services provided to juveniles at each Juvenile Detention Center.

45. Documents sufficient to show the number of hours of recreational time allowed to each juvenile at each Juvenile Detention Center from January 1, 2022 through present.

46. All Documents and Communications related to recreational activities provided to juveniles at any Juvenile Detention Center.

47. All Documents and Communications related to the denial of any services or programming to a juvenile in Solitary Confinement at any Juvenile Detention Center.

48. All Documents and Communications related to any instance of a person with a known mental health illness, serious physical disability, or serious physical illness being held in Solitary Confinement in any Juvenile Detention Center.

49. All Documents and Communications related to the use of Solitary Confinement at each Juvenile Detention Center.

50. All Documents and Communications relating to the Children's Alliance, including but not limited to William L. Lassiter's attendance at any meetings of the Children's Alliance.

51. All Documents and Communications relating to any public statements by or on behalf of NCDPS or its employees or officers regarding staffing at Juvenile Detention Centers.

52. All Documents and Communications relating to any public statements by or on behalf of NCDPS or its employees or officers regarding the length of time juveniles are confined to their Cells at Juvenile Detention Centers.

53. All Documents and Communications relating to any public statements by or on behalf of NCDPS or its employees or officers regarding the condition of Cells at Juvenile Detention Centers.

54. All Documents and Communications relating to any inspections, whether such inspections occurred or not, of any Juvenile Detention Center by any Person, including Persons other than Defendants.

55. All Communications with the parents or legal guardians of any juveniles housed at any Juvenile Detention Center regarding the condition of Cells at any Juvenile Detention

12

Center, educational services provided to juveniles at any Juvenile Detention Center, mental health services provided to juveniles at any Juvenile Detention Center, staffing at any Juvenile Detention Center, or length of time juveniles are confined to their Cells at any Juvenile Detention Center.

56. The complete employment file for Eddie M. Buffaloe, Jr.

57. All Documents and Communications relating to any complaints, disciplinary inquiries, and/or disciplinary warnings or actions regarding Eddie M. Buffaloe, Jr.

58. The complete employment file for William L. Lassiter.

59. All Documents and Communications relating to any complaints, disciplinary inquiries, and/or disciplinary warnings or actions regarding William L. Lassiter.

60. The complete employment file for Peter Brown.

61. All Documents and Communications relating to any complaints, disciplinary inquiries, and/or disciplinary warnings or actions regarding Peter Brown.

*[signatures on next page]*

Date: May 3, 2024

        **NELSON MULLINS RILEY &
        SCARBOROUGH LLP**

        /s/ Robert L. Lindholm
        Robert L. Lindholm (N.C. Bar No. 52800)
        301 South College Street, 23rd Floor
        Charlotte, NC 28202
        (704) 417-3000
        robert.lindholm@nelsonmullins.com

        Donna O. Tillis*
        Yasmeen Ebbini*
        Michelle Campbell**
        1320 Main Street, 17th Floor
        Columbia, SC 29201
        (803) 799-2000
        donna.tillis@nelsonmullins.com
        yasmeen.ebbini@nelsonmullins.com
        michelle.campbell@nelsonmullins.com

        Matthew G. Lindenbaum*
        One Financial Center, Suite 3500
        Boston, MA 02111
        (617) 217-4700
        matthew.lindenbaum@nelsonmullins.com

        **COUNCIL FOR CHILDREN'S RIGHTS**

        Michelle Duprey (N.C. Bar No. 53205)**
        601 E. Fifth Street, Suite 510
        Charlotte, NC 28202
        (704) 943-9642
        MDuprey@cfcrights.org

        *\*Special Appearance Pursuant to Local Civil Rule 83.1(d)*
        *\*\*Notice of Special Appearance forthcoming*

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024 I served all counsel in this action with a copy of Plaintiffs' First Requests for Production to Defendant North Carolina Department of Public Safety herein by electronic mail to the following address(es):

Orlando L. Rodriguez
N.C. Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
orodriguez@ncdoj.gov

Matthew t. Tulchin
N.C. Dept. of Justice
P.O. Box 629
Raleigh, NC 27602-0629
mtulchin@ncdoj.gov

*s/Robert L. Lindholm*
Robert L. Lindholm