# Tulchin, Matt

| | |
|---|---|
| **From:** | Soren Young <soren.young@nelsonmullins.com> |
| **Sent:** | Wednesday, July 3, 2024 7:49 PM |
| **To:** | Rodriguez, Orlando; Tulchin, Matt; Whitaker, Bethel |
| **Cc:** | Duprey, Michelle; Matthew Lindenbaum; Donna Tillis; Rob Lindholm |
| **Subject:** | RE: Doe 1, et al., v. NCDPS et al, (1:24-CV-17)(MDNC) - Ds' responses to Ps' 1st set of RPDs |
| **Attachments:** | 2025.07.03 R. Lindholm ltr re Defendants' First Discovery Responses.pdf |

Counsel:

Please see the attached correspondence regarding Defendants' discovery responses. Please let us know times that would work next week to meet and confer regarding the issues addressed in this letter.

Best,
Soren



**SOREN YOUNG  ASSOCIATE**
soren.young@nelsonmullins.com
**MERIDIAN | 17TH FLOOR**
**1320 MAIN STREET | COLUMBIA, SC 29201**
T 803.255.9729   F 803.256.7500
NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Rodriguez, Orlando <orodriguez@ncdoj.gov>
**Sent:** Thursday, June 13, 2024 5:48 PM
**To:** Rob Lindholm <robert.lindholm@nelsonmullins.com>; Tulchin, Matt <MTulchin@ncdoj.gov>
**Cc:** Duprey, Michelle <MDuprey@cfcrights.org>; Matthew Lindenbaum <matthew.lindenbaum@nelsonmullins.com>; Donna Tillis <donna.tillis@nelsonmullins.com>; Soren Young <soren.young@nelsonmullins.com>; Whitaker, Bethel <bwhitaker@ncdoj.gov>
**Subject:** Doe 1, et al., v. NCDPS et al, (1:24-CV-17)(MDNC) - Ds' responses to Ps' 1st set of RPDs

Rob,

Attached for service, please find Defendants' objections and responses to Plaintiffs' first set of requests for production. The production set referenced therein can be accessed through this LINK.

Let me know if you have any issues with the link.

Also, I've added Bethel Whitaker, our paralegal on this file, to this email. Please include her on further emails.

1

Be well,

Orlando

Special Deputy Attorney General
Special Litigation Section
Phone: 919.716.6516
orodriguez@ncdoj.gov

Please note messages to or from this address may be public records.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.


# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Robert L. Lindholm
Admitted in MA, NC and NY
T 704.417.3231
robert.lindholm@nelsonmullins.com

301 South College Street | 23rd Floor
Charlotte, NC 28202-6041
T 704.417.3000  F 704.377.4814
nelsonmullins.com

July 3, 2024

**VIA ELECTRONIC MAIL**

Orlando L. Rodriguez
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602

Re: *John Doe 1, et al., v. North Carolina Department of Public Safety, et al.*, Case No. 1:24-cv-00017-LCB-JLW

Dear Orlando:

I write on behalf of Plaintiffs in the above-captioned matter. Defendants' responses (the "Responses") to Plaintiffs' Requests for Production to Defendant North Carolina Department of Public Safety ("NCDPS"), Requests for Production to Defendant Eddie Buffaloe, Jr, Requests for Production to Defendant Peter Brown, and Requests for Production to Defendant William Lassiter (collectively, the "Requests") are deficient. Defendants assert baseless objections to nearly all of the Requests, objections which are often belied by the text of the Requests themselves. When Defendants do agree to produce documents, Defendants fail to specify when the production will be made, as required by the Federal Rules of Civil Procedure. Defendants must cure the deficiencies identified in this letter, or Plaintiffs will be forced to seek Court intervention. Please provide times the week of July 8, 2024 that Defendants are available to meet and confer regarding the issues raised in this letter.

## I. Plaintiffs' Requests are Not Unduly Burdensome or Disproportionate.

Defendants object to nearly every Request as "unduly burdensome." *See, e.g.*, NCDPS's Response to Request No. 9, Peter Brown's Response to Request No. 1, Eddie M. Buffaloe, Jr.'s Response to Request No. 2, and William Lassiter's Response to Request No. 1. Defendants do not, however, substantiate the purported burden that would be required to respond to Plaintiffs' requests. The mere recitation that responding to a request would require "extraordinary efforts" is insufficient. *See Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *5 (M.D.N.C. Apr. 30, 2021) (unsupported objection that request presented "undue burden" was a boilerplate objection and given no weight).

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

Case 1:24-cv-00017-LCB-JLW   Document 60-3   Filed 01/23/25   Page 3 of 7

Defendants' attempt to characterize the Requests as unduly burdensome due to the purported need to "review virtually all documents and communications created by countless current and former employees of the Department to determine whether any such documents and communications relate to" the subject matter of the Request strains credulity. *See, e.g.*, NCDPS's Response to Request No. 9, Peter Brown's Response to Request No. 1, Eddie M. Buffaloe, Jr.'s Response to Request No. 2, and William Lassiter's Response to Request No. 1. It is well settled that a producing party may identify custodians, develop search terms, and deploy other culling methodologies to avoid reviewing every single document created within the time scope relevant to a request. *See, e.g., In re Seroquel Prod. Liab. Litig.*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) ("key word searching is a recognized method to winnow relevant documents from large repositories"). Moreover, the ESI Protocol, to which the parties jointly stipulated and which the Court entered on June 24, 2024, provides that "in order to eliminate unnecessary ESI discovery costs and disputes, it may be necessary to use filtering methodologies to efficiently identify responsive documents . . . include[ing] . . . predictive coding, search terms, custodian restrictions, date restrictions, file type restrictions, data source restrictions, de-duplicating and/or email threading." (ECF No. 34.) Defendants cannot support a claim of burden by adopting a deliberately burdensome approach that would defy both modern litigation best practices and the parties' agreed upon approach to discovery.

Moreover, any efforts Defendants must take to respond to Plaintiffs' document requests would be proportional to the value of the requested information to this litigation and thus within the scope of discovery permitted under Rule 26(b). In determining whether a request is proportional, courts consider, among other things "the parties' resources," "the importance of the discovery in resolving the issues," and "the importance of the issues at stake in the action." Fed. R. Civ. P. 26(b)(1). These factors weigh in favor of Plaintiffs. As to the first factor, Defendants are supported in this litigation by the full weight of the State of North Carolina. Defendants' choice to not allocate enough of their multi-billion-dollar budget to responding to Plaintiffs' Requests in this litigation does not justify their claim of burden.[1] As to the second factor, Plaintiffs' Requests are targeted at information that directly bears on Plaintiffs' claims.[2] For example, NCDPS objects to Request 49 as not proportional, but that Request is directed at documents "related to the use of Solitary Confinement at each Juvenile Detention Center," the issue at the core of Plaintiffs' claims. As to the third factor, the issues at play in this litigation are of the utmost importance for Plaintiffs and those similarly situated. Plaintiffs allege continuing violations of their constitutional and human rights. Any purported burden that collecting and reviewing documents places on Defendants is insignificant compared to the continuing harm to Plaintiffs and those similarly situated from Defendants' unconstitutional practices.

## II.     Plaintiffs' Requests are Appropriately Limited by Time and Scope.

Defendants' boilerplate objection, asserted in response to nearly every Request, that the Request is "not limited by time or scope," ignores the plain language of Plaintiffs' Requests.

---

[1] Defendants Buffaloe, Lassiter, and Brown, named in their official capacity and represented by counsel for the Department of Public Safety, also have access to the State's resources.

[2] Notably, Defendants do not—because they cannot—contest the relevance of Plaintiffs' requests.

Orlando Rodriguez
July 3, 2024
Page 3

Plaintiffs clearly stated that "[t]he relevant time period for all Requests is January 1, 2022 through the date of production unless stated otherwise in the Request." *See, e.g.*, Plaintiffs' Requests for Production to Defendant NCDPS, Instruction M. Defendants lodge this objection even against Requests that specifically state their date scope. *See, e.g.*, Plaintiff's Request for Production to Defendant NCDPS No. 19 (seeking documents "from January 1, 2015 through present"). Defendants must withdraw their unfounded objections to the date scope of Plaintiffs' Requests and produce responsive documents from January 1, 2022 through the date of production or within the time scope otherwise specified in the Request.

Likewise, Defendants' objection that Plaintiffs' Requests are not "limited by . . . scope" is belied by the plain language of the Requests. For example, NCDPS objects to Request No. 18 on the grounds that it is "not limited by . . . scope." Such an objection is baseless, given that the request is directed at a narrow category of documents relating to "inspections, investigations, monitoring, audits, studies, or analyses relating to or referencing Solitary Confinement," a term defined in the requests. The scope of Plaintiffs' requests is clear, and Defendants must withdraw this boilerplate objection.

### III. Defendants Must Produce Documents Relating to Juveniles Other Than the Named Plaintiffs.

Defendants cannot avoid their discovery obligations by asserting the privacy interests of third parties, which are adequately protected by the Protective Order entered by the Court in this matter. (ECF No. 16.) Defendants object to numerous requests "to the extent that [they] seek[] to compel the production of personally identifiable information of parties that are not parties to this litigation." *See, e.g.*, NCDPS's Response to Request No. 14. That documents might contain personally identifiable information is no reason to refuse to produce such documents. Any interest Defendants might have in protecting such personally identifiable information is adequately addressed by the Protective Order, to which Defendants consented. *See Williams v. Ests., LLC*, No. 1:19CV1076, 2020 WL 13077132, at *3 (M.D.N.C. Nov. 18, 2020) ("A protective order is an appropriate remedy for alleviating concerns about the privacy of confidential information."). Accordingly, Defendants must withdraw this objection and produce responsive documents.

Similarly, Defendants seek to avoid producing documents about facilities where the named Plaintiffs were not housed. For example, NCDPS objects to Request No. 25 "because it seeks such documents going back more than one year prior [to] the detention of any named Plaintiffs and from facilities that did not house the named Plaintiff." This objection rings hollow. Plaintiffs have brought their case on behalf of themselves and all other similarly situated individuals. As representatives of a putative class, Plaintiffs are entitled to discovery into information relating to all members of the class. *See, e.g., Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 546 (E.D.N.C. 2019), *objections overruled*, No. 5:17-CV-00356-FL, 2019 WL 489117 (E.D.N.C. Feb. 7, 2019) (compelling production of documents relating to all class members).

### IV. Defendant NCDPS Must Produce Employment Records for the Individual Defendants.

Orlando Rodriguez
July 3, 2024
Page 4

NCDPS's objection to producing the employment files for Eddie M. Buffaloe, Jr., William L. Lassiter, and Peter Brown, as well as documents relating to "any complaints, disciplinary inquiries, and/or disciplinary warnings or actions" regarding these individuals, is baseless. *See* Requests No. 56–61. Such documents are relevant. The three individuals for whom Plaintiffs seek employment files and disciplinary history are named defendants in this action. Even if they were not named defendants, they are key witnesses with unique, specific knowledge of the events giving rise to this litigation. As such, they are likely to be deposed and to testify at trial. As potential witnesses, their employment files and disciplinary history have a direct bearing on their credibility and may be used for impeachment. *See, e.g., Cason v. Builders FirstSource-Se. Grp., Inc.*, 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001) ("[W]here the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses . . . personnel files are subject to discovery."). The documents sought by Requests No. 56–61 are therefore relevant and must be produced.

## V.  Defendants Fail to Specify When They Will Produce Responsive Documents.

In their Responses, Defendants rarely agree to produce documents in response to Plaintiffs' requests. Even these responses are deficient because they fail to specify when Defendants will complete their document production. For example, in response to Request No. 16, NCDPS states that "the Department is in the process of gathering and reviewing documents which may be responsive to this request and will supplement this response with responsive documents as soon as that process is completed." This response fails to comply with Fed. R. Civ. P. 34(b)(2)(B), which requires that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Defendants must state specifically when they will produce responsive documents. This is particularly true for Defendants Buffaloe, Lassiter, and Brown, who have produced no documents to date. *See Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *14 (M.D.N.C. Apr. 30, 2021) ("the Rules do not countenance the indefinite possibility of later production").

## VI.  Defendants Fail to Specify Whether Their Document Productions in Response to Certain Requests are Complete.

NCDPS cites the bates range of documents it produced in response to Requests No. 2–5, 7, 22, 29–31, 39, 41, 45, 51, and 54. NCDPS does not, however, state whether these documents constitute all documents responsive to these Requests. NCDPS must clearly state whether it has produced all documents responsive to Requests No. 2–5, 7, 22, 29–31, 39, 41, 45, 51, and 54 and, if it has not, must state when it will produce any remaining responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(B). If NCDPS has limited its response to such requests based on its objections, NCDPS must clearly state how it has so limited its response and what responsive documents NCDPS is withholding on the basis of its objections.

## VII.  Defendants Have Failed to Preserve Relevant Information.

NCDPS's response to Request No. 10 confirms that Defendants have spoliated relevant evidence. NCDPS does not dispute the relevance of the video footage subject to this Request. NCDPS also admits that it knew that relevant footage was being deleted—and continues to be

deleted—by the operation of the Department's video retention policy. NCDPS further admits that it could have implemented "technological upgrades" to preserve this relevant video footage and yet chose not to due to purported expenses. This intentional failure to take steps to preserve video footage that NCDPS admits is relevant to this litigation constitutes spoliation, and Plaintiffs reserve the right to seek sanctions from the Court for NCDPS's misconduct. At minimum, if it is NCDPS's position that the expense of retaining the requested video footage is "prohibitively expensive," the Department must disclose the expenses involved and the precise nature of the technological upgrades required to preserve the relevant video footage.

Moreover, NCDPS's response to Request No. 10 is deficient because NCDPS has neither produced nor agreed to produce footage created within 30 days of its response. NCDPS's response admits that this video footage is relevant and available, so there is no excuse for NCDPS refusing to produce it. NCDPS must immediately produce all video footage from all Juvenile Detention Centers created within the last 30 days and must continue to supplement its production with video footage of the Juvenile Detention Centers as it is created.

* * *

Plaintiffs are available to meet and confer regarding the issues raised in this letter. Although we hope to resolve these issues among ourselves, we will seek Court intervention if necessary.

Sincerely,

Robert L. Lindholm