EXHIBIT
E
tabbies

| From: | Rob Lindholm <robert.lindholm@nelsonmullins.com> |
| Sent: | Friday, January 3, 2025 7:51 PM |
| To: | Tulchin, Matt |
| Cc: | Rodriguez, Orlando; Duprey, Michelle; Matthew Lindenbaum; Donna Tillis; Soren Young; Yasmeen Ebbini; Axton Crolley |
| Subject: | John Doe 1, et al. v. North Carolina Department of Public Safety, et al. - RFPs, Rogs, and RFAs |
| Attachments: | 01.03.25 Plaintiffs' Third Set of RFPs to NCDPS.pdf; 01.03.25 Plaintiffs' Second Set of Interrogatories to NCDPS.pdf; 01.03.25 Plaintiffs' RFAs to NCDPS.pdf |

Matt,

Please find attached (1) Plaintiffs' Third Set of Request for Production to Defendant North Carolina Department of Public Safety, (2) Plaintiffs' Second Set of Interrogatories to Defendant North Carolina Department of Public Safety, and (3) Plaintiffs' Requests for Admission to Defendant North Carolina Department of Public Safety.

Best,
Rob

**NELSON MULLINS**

ROBERT L. LINDHOLM PARTNER
robert.lindholm@nelsonmullins.com

301 S. COLLEGE STREET | 23RD FLOOR
CHARLOTTE, NC 28202
T 704.417.3231  F 704.377.4814

330 MADISON AVENUE | 27TH FLOOR
NEW YORK, NY 10017
T 212.413.9006  F 646.428.2610
NELSONMULLINS.COM  VCARD  VIEW BIO

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017-LCB-JLW

JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,

       Defendants.

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs John Doe 1 and John Doe 2 (collectively, the "Plaintiffs"), serve this Third Set of Requests for Production to Defendant North Carolina Department of Public Safety ("NCDPS") and request that responses be submitted in accordance with the Federal Rules of Civil Procedure.

1

# INSTRUCTIONS

A.    These Requests are continuing in nature, and Plaintiffs request that NCDPS file supplemental answers within a reasonable time after obtaining further or different information in accordance with Federal Rule of Civil Procedure 26(e).

B.    If you object to, or otherwise decline to answer any portion of any Request, you must provide a response to that portion of the Request to which you do not object, or to which you do not decline to provide a response. If you object to a Request on the grounds that it is too broad, provide a response to that portion which you concede is within the scope of discovery.

C.    If, in responding to any of these Requests, you reasonably encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering that Request.

D.    Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

E.    If any otherwise discoverable information requested herein is withheld based upon a claim that it is privileged or subject to protection as trial preparation materials, please make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiffs to assess the applicability of the privilege or protection, including at minimum the date of the document, the sender, recipient, and anyone who is designated as receiving copies of the document, a description of the contents of the document, and the basis on which the document is withheld from production.

F.    In the event that any document requested to be identified has been destroyed or otherwise disposed of since its preparation or receipt, set forth the author, addressee, date, number

2

of pages, attachments or appendices, all persons to whom distributed, shown, or explained, present custodian, and a general description of the document.

G.    If a document may become available in the future, please state when such a document will be available.

H.    To the extent any documents, information, or electronically stored information responsive to these Requests are accessible or obtainable by NCDPS, but stored or maintained by a third party (for example, an internet service provider or a web-based email provider), NCDPS should obtain the requested information from the third party and produce it along with the other information requested herein.  To the extent NCDPS claims that it will be unduly burdened by obtaining the requested information from the third party, please notify counsel for Plaintiffs, and execute any and all written requests or authorizations required to enable Plaintiffs to obtain the responsive information from the third party.

I.    If in response to a Request you do not know all facts necessary to provide a complete and specific answer, you should provide an answer to such portion of the Request as you can, and provide such facts as are known to you and any estimates, approximations or beliefs should be clearly denoted as such, and the bases for your belief in their reliability should be explained.

J.    References to the singular shall include the plural, and references to the plural shall include the singular.  Also, the past verb tense shall include the present, and the present verb tense shall include the past.

K.    Unless otherwise indicated, these Requests broadly refer to the time, place, and circumstances of subject matters and issues mentioned, reasonably related to, or identified in the pleadings.

3

L.    Identify all documents withheld on a claim of privilege with the exact privilege claim being fully described, including the name, address and title of the documents, authors and recipients, the subject matter of the document, and the statute, rule or provision claimed as the basis for the privilege asserted.

M.    The relevant time period for all Requests is January 1, 2022 through the date of production unless stated otherwise in the Request.

## DEFINITIONS

1.    "Administrative Room Confinement" refers to the isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, Section 2.3.9 of the Detention Services Policy.

2.    "All" includes "each and every."

3.    "And" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of a Request information that otherwise would not be brought within its scope.

4.    "Answer" means Defendants' Answer filed on April 4, 2024.

5.    "Communication" is used in the broadest sense and includes, but is not limited to, the actual or attempted imparting or interchange of thoughts, opinions, or information by speech, writing, signs, or electronic medium.

6.    "Detention Services Policy" means the North Carolina Department of Public Safety Juvenile Justice Facility Operations Detention Services Policy attached as Exhibit A to the Declaration of William Lassiter on Behalf of the Division of Juvenile Justice and Delinquency Prevention, ECF No. 45-2 (24-cv-00017-LCB-JLW).

4

7.     "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts of the following items, whether printed, recorded, or reproduced by any other mechanical process, or stored electronically, or written or produced by hand: correspondence in any format, notices, letters, e-mails, disclosures, electronic messages including text and SMS messages, memoranda, records, summaries of personal conversations, interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, data, contracts, agreements, purchase orders, invoices, confirmations, books, notes, reports, logs, diaries, tape recordings, transcripts of tape recordings, charts, spreadsheets, tables, cancelled checks, bills, plans, interoffice communications, telephone message books, plats, sketches, briefs, presentations in any format, calculations, timelines, social media posts, blog posts, advertisements, brochures, fliers, postings on any job board, or any other form of writings or records of any kind.

8.     "Juvenile Detention Center" means any North Carolina facility that temporarily houses juveniles alleged to have committed a delinquent act or to be a runaway, including but not limited to the following detention centers: Alexander Regional Juvenile Detention Center; Cabarrus Regional Juvenile Detention Center; Chatham Detention; Cumberland Regional Juvenile Detention Center; Dillon Regional Juvenile Detention Center; Lenoir Detention; New Hanover Regional Juvenile Detention Center; Pitt Regional Juvenile Detention Center; Richmond Jenkins Juvenile Detention Center; and Wake Regional Juvenile Detention Center.

9.     "Lawsuit" means the action filed by Plaintiffs against Defendants on January 8, 2024 in the Middle District of North Carolina, case number 1:24-CV-00017-LCB-JLW.

10.     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated

5

association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

11.     The terms "related," "relating to" and "concerning" separately and individually mean directly or indirectly mentioning, describing, referring or pertaining to, involving in any way, being connected with, reflecting upon, or embodying a stated subject matter.

12.     "Representative" means any person acting or purporting to act on behalf of any other person.

13.     "Solitary Confinement" means administrative confinement, isolation, segregation, restrictive housing, Temporary Confinement, confinement due to safety, security, or inadequate staffing concerns, or any other similar practice.

14.     "Staff Members" means any individual working for or contracted by NDPS, including, but not limited to, juvenile justice officers, supervisors, teachers, counselors, administrators, guards, and any individual in a similar position.

15.     "Temporary Confinement" or "Temporary Room Confinement" means the temporary isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, paragraph 12 of Your Answer.

16.     "You" and "your" shall mean NCDPS and NCDPS's affiliates, agents, employees, independent contractors, servants, Representatives, and counsel.

## REQUESTS FOR PRODUCTION

1.     All documents and communications relating to any audit of records to determine Juvenile Detention Centers' compliance with procedures and programs conducted by the Education Services section of the North Carolina Division of Juvenile Justice and Delinquency Prevention.

6

2. All training materials provided to NCDPS Staff Members related to the use of Solitary Confinement in Juvenile Detention Centers.

3. Documents sufficient to show all instances in which Staff Members were trained regarding the use of Solitary Confinement.

4. All documents and communications relating to any changes You have made to Your official policies related to the use of Solitary Confinement in Juvenile Detention Centers since the filing of this Lawsuit.

5. All documents and communications relating to any changes You have made to Your official or unofficial policies related to the use of shackles, leg restraints, or the like on juveniles in Juvenile Detention Centers since the filing of this Lawsuit.

6. All documents and communications relating to any changes You have made to Your actual practices related to the use of Solitary Confinement in Juvenile Detention Centers since the filing of this Lawsuit.

7. All documents and communications related to Your monitoring of compliance with Your policies concerning the use of Solitary Confinement, including but not limited to the policies described in Sections 2.3.8 and 2.3.9 of the NCDPS Detention Services Policy.

8. All documents and communications related to any violation of Your policies concerning the use of Solitary Confinement, including but not limited to the policies described in Sections 2.3.8 and 2.3.9 of the NCDPS Detention Services Policy.

9. All documents and communications related to any instance of Temporary Room Confinement or Administrative Room Confinement prompted by a "critical staff shortage" as described in Section 2.3.9 of the Detention Services Policy.

7

10.     All documents viewed or relied upon by Erin S. Hickey in identifying the information regarding John Doe 1, John Doe 2, and John Doe 3 set forth in Paragraphs 7 to 21 of her Declaration of November 15, 2024 (ECF No. 45-4).

11.     All documents containing the information included in Paragraphs 7 to 21 of Erin S. Hickey's Declaration of November 15, 2024 (ECF No. 45-4), including but not limited to dates of admission, instances of room confinement, and any clinical/medical notes, for juveniles other than John Doe 1, John Doe 2, and John Doe 3 since January 1, 2022.

12.     All documents constituting, evidencing, or describing educational services provided for any juvenile held in Administrative Room Confinement, Temporary Room Confinement, or other Solitary Confinement at any Juvenile Detention Center.

13.     Any documents You reviewed and/or relied upon in preparing Your answer to any of Plaintiffs' interrogatories to Defendants, including but not limited to Plaintiffs' June 7, 2024 Interrogatories to Defendant NCDPS or Plaintiffs' January 3, 2025 Interrogatories to Defendant NCDPS.

14.     Any documents You reviewed and/or relied upon in preparing Your answer to any of Plaintiffs' Requests for Admission to Defendants, including but not limited to Plaintiffs' January 3, 2025 Requests for Admission.

8

Date: January 3, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Soren K. Young*
Yasmeen Ebbini*
Axton D. Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
soren.young@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil Rule
83.1(d)
**Notice of Special Appearance forthcoming

*Attorneys for Plaintiffs*

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### 1:24-CV-00017-LCB-JLW

JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,

      Defendants.

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs John Doe 1 and John Doe 2 (collectively, the "Plaintiffs"), serve this First Set of Interrogatories to Defendant North Carolina Department of Public Safety ("NCDPS") and request that NCDPS fully answer these Interrogatories in writing and under oath within thirty (30) days from the date of service.

1

# INSTRUCTIONS

A.     These Interrogatories are continuing in nature, and Plaintiffs request that NCDPS file supplemental answers within a reasonable time after obtaining further or different information in accordance with Federal Rule of Civil Procedure 26(e).

B.     If you object to, or otherwise decline to answer any portion of any Interrogatory, you must provide a response to that portion of the Interrogatory to which you do not object, or to which you do not decline to provide a response. If you object to an Interrogatory on the grounds that it is too broad, provide a response to that portion of the Interrogatory which you concede is within the scope of discovery.

C.     If you elect to specify and produce business records in response to any Interrogatory, the specification shall be in sufficient detail to enable Plaintiffs to locate and identify all records from which the answer may be ascertained, including the specific bates number pages for the responsive documents.

D.     If you perceive any ambiguities in a question, request, instruction, or definition, identify what is deemed ambiguous when answering and specify any interpretation or construction used when answering.

E.     If any otherwise discoverable information requested herein is withheld based upon a claim that it is privileged or subject to protection as trial preparation materials, please make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiffs to assess the applicability of the privilege or protection, including at minimum the date of the document, the sender, recipient, and anyone who is designated as receiving copies of the document, a description of the contents of the document, and the basis on which the document is withheld from production.

2

F.      If in response to an Interrogatory you do not know all facts necessary to provide a complete and specific answer, you should provide an answer to such portion of the Interrogatory as you can and provide such facts as are known to you and any estimates, approximations or beliefs should be clearly denoted as such, and the bases for your belief in their reliability should be explained.

G.      If information may become available in the future, please state when such information will become available.

H.      References to the singular shall include the plural, and references to the plural shall include the singular. Also, the past verb tense shall include the present, and the present verb tense shall include the past.

I.      Unless otherwise indicated, these Interrogatories broadly refer to the times, places, and circumstances of subject matters and issues mentioned, reasonably related to, or identified in the pleadings.

J.      The relevant time period for all Requests is January 1, 2022 through the date of production unless stated otherwise in the Request.

## DEFINITIONS

1.      "Administrative Room Confinement" refers to the isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, Section 2.3.9 of the Detention Services Policy.

2.      "All" includes "each and every."

3.      "And" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of an interrogatory information that otherwise would not be brought within its scope.

4.      "Answer" means Defendants' Answer filed on April 4, 2024.

3

5.     "Communication" is used in the broadest sense and includes, but is not limited to, the actual or attempted imparting or interchange of thoughts, opinions, or information by speech, writing, signs, or electronic medium.

6.     "Detention Services Policy" means the North Carolina Department of Public Safety Juvenile Justice Facility Operations Detention Services Policy attached as Exhibit A to the Declaration of William Lassiter on Behalf of the Division of Juvenile Justice and Delinquency Prevention, ECF No. 45-2 (24-cv-00017-LCB-JLW).

7.     "Disciplined" is used in the broadest sense and means any form of punishment, including, but not limited to a warning, reprimand, suspension, demotion, termination, or any other similar act.

8.     "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts of the following items, whether printed, recorded, or reproduced by any other mechanical process, or stored electronically, or written or produced by hand: correspondence in any format, notices, letters, e-mails, disclosures, electronic messages including text and SMS messages, memoranda, records, summaries of personal conversations, interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, confirmations, books, notes, reports, logs, diaries, tape recordings, transcripts of tape recordings, charts, spreadsheets, tables, cancelled checks, bills, plans, interoffice communications, telephone message books, plats, sketches, briefs, presentations in any format, calculations, timelines, social media posts, blog posts, advertisements, brochures, fliers, postings on any job board, or any other form of writings or records of any kind.

9.     To "identify" or "provide the identity of" means:

4

a. with respect to a natural person, to state the person's first and last name; title; employer, including which juvenile detention center the person is employed at (if applicable); home address; and telephone number;

b. with respect to an organization or entity, to state its full name(s); address; telephone number; and the name of the primary contact or contact(s) at that organization or entity;

c. with respect to a document, to state the name and title of the author(s) (or, if different, the signer or signers), the addressee(s), the identity of the present custodian of the document, and the type of document (*e.g.*, letter, memorandum, invoice, chart, *etc.*), or to attach an accurate copy of the document to your response, appropriately labeled to correspond to the Interrogatory or Request.

d. with respect to a communication, to identify the person making the communication, the person receiving the communication, the date of the communication, and the medium of the communication (*i.e.*, telephone call, email, etc.).

10.     "Juvenile Detention Center" means any North Carolina facility that temporarily houses juveniles alleged to have committed a delinquent act or to be a runaway, including but not limited to the following detention centers: Alexander Regional Juvenile Detention Center; Cabarrus Regional Juvenile Detention Center; Chatham Detention; Cumberland Regional Juvenile Detention Center; Dillon Regional Juvenile Detention Center; Lenoir Detention; New Hanover Regional Juvenile Detention Center; Pitt Regional Juvenile Detention Center; Richmond Jenkins Juvenile Detention Center; and Wake Regional Juvenile Detention Center.

11.     "Lawsuit" means the action filed by Plaintiffs against Defendants on January 8, 2024 in the Middle District of North Carolina, case number 1:24-CV-00017-LCB-JLW.

12.     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

5

13.     As used herein, the terms "related," "relating to" and "concerning" separately and individually mean directly or indirectly mentioning, describing, referring or pertaining to, involving in any way, being connected with, reflecting upon, or embodying a stated subject matter.

14.     "Representative" means any person acting or purporting to act on behalf of any other person.

15.     "Solitary Confinement" means administrative confinement, isolation, segregation, restrictive housing, Temporary Confinement, confinement due to safety, security, or inadequate staffing concerns, or any other similar practice.

16.     "Staff Member" means any individual working for or contracted by NDPS, including, but not limited to, juvenile justice officers, supervisors, teachers, counselors, administrators, guards, and any individual in a similar position.

17.     "State" and "describe" mean to completely set forth, in as much detail as you are able, all knowledge in your possession, care, custody, or control that is responsive to the matter inquired about in the interrogatory, including, but not limited to, identification of all persons, communications, meetings, events, reports, recommendations, and documents necessary to make the description complete, including dates and locations of witnesses to all related occurrences.

18.     "Temporary Confinement" or "Temporary Room Confinement" means the temporary isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, paragraph 12 of Your Answer.

19.     "You" and "your" shall mean NCDPS and NCDPS's affiliates, agents, employees, independent contractors, servants, Representatives, and counsel.

6

## INTERROGATORIES

1.     Identify any changes You have made to Your official policies related to the use of Solitary Confinement in Juvenile Detention Centers since the filing of this Lawsuit.

2.     Identify any changes You have made to Your actual practices related to Solitary Confinement in Juvenile Detention Centers since the filing of this Lawsuit.

3.     State whether You contend that Plaintiffs' claims are barred because they have not exhausted alternative administrative remedies available to them and, if so, identify the alternative administrative remedies You contend Plaintiffs should have pursued prior to filing this Lawsuit.

4.     Identify all penological or governmental objectives You contend justify the use of Solitary Confinement in Juvenile Detention Centers.

5.     Identify all penological or government objectives You contend justify the use of Solitary Confinement lasting 24 hours or more in Juvenile Detention Centers.

6.     State how You determine that Temporary Room Confinement is necessary to protect a juvenile from himself, as described in Section 2.3.8 of the Detention Services Policy.

7.     State how You determine that Temporary Room Confinement is necessary to protect others from a juvenile, as described in Section 2.3.8 of the Detention Services Policy.

8.     State how You determine that Temporary Room Confinement is necessary to protect state or personal property from destruction by a juvenile, as described in Section 2.3.8 of the Detention Services Policy.

9.     State how You determine that Temporary Room Confinement is necessary to protect the security and/or orderly management of a detention center, as described in Section 2.3.8 of the Detention Services Policy.

7

10. State how You determine when a juvenile in Temporary Room Confinement has regained control and can safely return to the general population, as described in Section 2.3.8 of the Detention Services Policy.

11. State what constitutes a "critical staff shortage," as described in Section 2.3.9 of the Detention Services Policy, and how You determine whether a "critical staff shortage exists".

12. State how You determine that Administrative Room Confinement is necessary to address a critical staff shortage, as described in Section 2.3.9 of the Detention Services Policy.

13. Identify every instance in which You have experienced a critical staff shortage, including the date upon which any such shortage commenced, the date upon which any such shortage ended, and all circumstances regarding the shortage.

14. State how You determine that a juvenile needs restriction to a location for protective care, as described in Section 2.3.9 of the Detention Services Policy.

15. State how You determine that situations have affected a housing unit such that You contend Administrative Room Confinement is necessary to regain control of the operations and complete post-incident requirements, as described in Section 2.3.9 of the Detention Services Policy.

16. Describe the training provided to Your Staff Members regarding the use of Solitary Confinement. Your response should include but not be limited to:

     a.     The nature of such training;

     b.     The frequency of such training;

     c.     The identity and organizational affiliation of any individual that provides such training;

     d.     The identity of all Staff Members who attended the training; and

     e.     Any documentation regarding the training.

8

17. State how You monitor compliance with Your policies regarding the use of Solitary Confinement, including but not limited to the policies described in Sections 2.3.8 and 2.3.9 of the Detention Services Policy.

18. Identify every instance in which a Staff Member has been disciplined for failing to comply with Your policies regarding the use of Solitary Confinement, including but not limited to the policies described in Sections 2.3.8 and 2.3.9 of the Detention Services Policy. For each such instance, You answer should include but not be limited to:

    a. The identity of the Staff Member;

    b. The nature of the Staff Member's failure to comply with Your policies regarding the use of Solitary Confinement;

    c. The discipline imposed; and

    d. Any documentation relating to the instance of discipline.

19. Identify each Person who has knowledge or information related to Defendants' use of Solitary Confinement at the Juvenile Detention Centers.

20. Identify each Person who has knowledge or information related to the educational services provided by Defendants to juveniles while in Solitary Confinement at the Juvenile Detention Centers.

21. Identify each Person who has knowledge or information related to the mental health services provided by Defendants to juveniles at the Juvenile Detention Centers.

22. Identify all persons you expect to call as a witness in this case. For each person listed, provide the topics about which this individual may testify.

23. Do you contend that Defendants have reported all instances of Solitary Confinement to NC-Join as required by the Detention Services Policy? If your answer is anything

9

other than an unqualified no, state all facts and Identify all Documents (by Bates number) and testimony that support your contention.

24.     Do you contend that NCDPS has complied with the staffing ratios required by PREA and other regulators in the Juvenile Detention Centers?

25.     Do you contend that holding juveniles in Solitary Confinement due to staffing shortages would not qualify as Administrative Room Confinement as defined by Section 2.3.9 of the Detention Services Policy? If your answer is anything other than an unqualified no, state all facts and Identify all Documents (by Bates number) and testimony that support your contention.

26.     Identify all instances in which Defendants have held one or more juveniles in their Cells in the Juvenile Detention Centers for greater than 23 hours in a single day without reporting the confinement as required by the Detention Services Policy.

*[signatures on next page]*

10

Date: January 3, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

 /s/ Robert L Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Soren K. Young*
Yasmeen Ebbini*
Axton D. Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
soren.young@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil
Rule 83.1(d)
**Notice of Special Appearance forthcoming

*Counsel for Plaintiffs*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00017-LCB-JLW

JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity,

    Defendants.

**PLAINTIFFS' REQUESTS FOR ADMISSION TO DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs John Doe 1 and John Doe 2 (collectively, the "Plaintiffs"), by and through undersigned counsel, hereby propound the following Requests for Admission upon Defendant North Carolina Department of Public Safety ("NCDPS") and request that responses be submitted in accordance with the Federal Rules of Civil Procedure within thirty (30) days.

1

## INSTRUCTIONS

A.     These Requests are continuing in nature, and Plaintiffs request that NCDPS file supplemental answers within a reasonable time after obtaining further or different information in accordance with Federal Rule of Civil Procedure 26(e).

B.     If, in responding to any of these Requests, You reasonably encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering that Request.

C.     Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

D.     The relevant time period for all Requests is January 1, 2022 through the date of production unless stated otherwise in the Request.

## DEFINITIONS

1.     "Administrative Room Confinement" refers to the isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, Section 2.3.9 of the Detention Services Policy, attached as Exhibit A to the Declaration of William Lassiter on Behalf of the Division of Juvenile Justice and Delinquency Prevention, ECF No. 45-2 (24-cv-00017-LCB-JLW).

2.     "All" includes "each and every."

3.     "And" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of a Request information that otherwise would not be brought within its scope.

4.     "Cell" means the room or other sleeping area assigned to a particular juvenile in a Juvenile Detention Center.

2

5.    "Communication" is used in the broadest sense and includes, but is not limited to, the actual or attempted imparting or interchange of thoughts, opinions, or information by speech, writing, signs, or electronic medium.

6.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts of the following items, whether printed, recorded, or reproduced by any other mechanical process, or stored electronically, or written or produced by hand: correspondence in any format, notices, letters, e-mails, disclosures, electronic messages including text and SMS messages, memoranda, records, summaries of personal conversations, interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, data, contracts, agreements, purchase orders, invoices, confirmations, books, notes, reports, logs, diaries, tape recordings, transcripts of tape recordings, charts, spreadsheets, tables, cancelled checks, bills, plans, interoffice communications, telephone message books, plats, sketches, briefs, presentations in any format, calculations, timelines, social media posts, blog posts, advertisements, brochures, fliers, postings on any job board, or any other form of writings or records of any kind.

7.    "Juvenile Detention Center" means any North Carolina facility that temporarily houses juveniles alleged to have committed a delinquent act or to be a runaway, including but not limited to the following detention centers: Alexander Regional Juvenile Detention Center; Cabarrus Regional Juvenile Detention Center; Chatham Detention; Cumberland Regional Juvenile Detention Center; Dillon Regional Juvenile Detention Center; Lenoir Detention; New Hanover Regional Juvenile Detention Center; Pitt Regional Juvenile Detention Center; Richmond Jenkins Juvenile Detention Center; and Wake Regional Juvenile Detention Center.

3

8. "Lawsuit" means the action filed by Plaintiffs against Defendants on January 8, 2024 in the Middle District of North Carolina, case number 1:24-CV-00017-LCB-JLW.

9. "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

10. The terms "related," "relating to" and "concerning" separately and individually mean directly or indirectly mentioning, describing, referring or pertaining to, involving in any way, being connected with, reflecting upon, or embodying a stated subject matter.

11. "Representative" means any person acting or purporting to act on behalf of any other person.

12. "Solitary Confinement" means administrative confinement, isolation, segregation, restrictive housing, Temporary Confinement, confinement due to safety, security, or inadequate staffing concerns, or any other similar practice.

13. "Staff Members" means any individual working for or contracted by NDPS, including, but not limited to, juvenile justice officers, supervisors, teachers, counselors, administrators, guards, and any individual in a similar position.

14. "Temporary Confinement" or "Temporary Room Confinement" means the temporary isolation of a juvenile from others and refers to a practice discussed in, *inter alia*, paragraph 12 of Your Answer.

15. "You" and "your" shall mean NCDPS and NCDPS's affiliates, agents, employees, independent contractors, servants, Representatives, and counsel.

## Requests for Admission

1. Admit that Solitary Confinement causes mental or physical harm to juveniles.

4

2.     Admit that William Lassiter is aware that Solitary Confinement causes mental and/or physical harm to juveniles.

3.     Admit that Peter Brown is aware that Solitary Confinement causes mental and/or physical harm to juveniles.

4.     Admit that Eddie Buffaloe, Jr. is aware that Solitary Confinement may cause mental and/or physical harm to juveniles.

5.     Admit that NCDPS Peter Brown has reviewed literature, studies, and/or trade press discussing the negative impact that Solitary Confinement may have on the mental and/or physical health of juveniles placed in Solitary Confinement..

6.     Admit that NCDPS William Lassiter has reviewed literature, studies, and/or trade press discussing the negative impact that Solitary Confinement may have on the mental and/or physical health of juveniles placed in Solitary Confinement.

7.     Admit that NCDPS Eddie Buffaloe, Jr. has reviewed literature, studies, and trade press discussing the potential negative impact that Solitary Confinement may have on the mental and/or physical health of juveniles placed in Solitary Confinement.

8.     Admit that Solitary Confinement creates an increased risk of mental/physical harm and an increased risk of negative impact on juveniles who already suffer from mental illness.

9.     Admit that when juveniles in NCDPS custody are "confined to their rooms" under Administrative Room Confinement they are locked in their cells alone.

10.     Admit that when juveniles in NCDPS custody are "confined to their rooms" under Temporary Room Confinement they are locked in their cells alone.

11.     Admit that grievance forms are not always provided to juveniles in Juvenile Detention Centers.

5

12.     Admit that You have not advised every juvenile that has been held in a Juvenile Detention Center that grievance forms are available.

13.     Admit that You do not respond to each juvenile who files a grievance in the Juvenile Detention Centers.

14.     Admit that there have been incidents where juveniles in Juvenile Detention Centers have submitted grievance forms and employees of NCDPS have thrown those forms away prior to addressing the grievance.

15.     Admit that NCDPS does not provide juveniles entering a Juvenile Detention Center a handbook of rights that contains, among other things, the right to grievance.

16.     Admit that since January 1, 2022 there has been at least one instance in which Defendants have held one or more juveniles in their Cells for greater than 23 hours in a single day without reporting the confinement as required by the Detention Services Policy.

17.     Admit that during the 2023 PREA Audit process at the Cabarrus Regional Juvenile Detention Center corrective actions were noted for the facility's failure to comply with assessment standards due to large portions of the juvenile population not receiving required educational and large muscle activity time.

18.     Admit that organizations, agencies, or ombudsmen that conduct observational site visits in Juvenile Detention Centers from 2022 to the present have reported concerns about the lack of out-of-room education and recreation received by juveniles at the Juvenile Detention Centers.

19.     Admit that juveniles are detained in Juvenile Detention Centers while they await adjudication of their alleged offenses.

6

20.     Admit that while confined in their Cells, juveniles detained in Juvenile Detention Centers are not allowed to communicate with other juveniles.

21.     Admit that prior to January 8, 2024, Disability Rights North Carolina did not inspect, monitor, or otherwise conduct site visits of any Juvenile Detention Center.

22.     Admit that official NCDPS policy prohibits the use of Solitary Confinement as punishment for juveniles in Juvenile Detention Centers.

23.     Admit that NCDPS Staff Members removed leg restraints from juveniles detained at the Cabarrus Regional Juvenile Detention Center the morning of July 22, 2024, prior to Plaintiffs' inspection of the Cabarrus Regional Juvenile Detention Center.

7

Date: January 3, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Soren K. Young*
Yasmeen Ebbini*
Axton D. Crolley**
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
soren.young@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**COUNCIL FOR CHILDREN'S RIGHTS**

Michelle Duprey (N.C. Bar No. 53205)*
601 E. Fifth Street, Suite 510
Charlotte, NC 28202
(704) 943-9642
MDuprey@cfcrights.org

*Special Appearance Pursuant to Local Civil Rule
83.1(d)
**Notice of Special Appearance forthcoming

*Attorneys for Plaintiffs*

8