IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>*Defendants*. | **JOINT MOTION TO MODIFY CERTAIN CASE MANAGEMENT DEADLINES** |

Pursuant to Local Civil Rule 7.3(j), the parties jointly and respectfully request that the Court enter an order modifying and extending certain case management deadlines so that the parties may focus their efforts on attempting to resolve this matter via a mediated settlement.

1. On January 30, 2025, the Court issued a Text Order ordering the parties to return to mediation and providing Defendants with additional time to complete their document production. The Court set the following amended case management deadlines:

    a. First intermediate document production by Defendants by February 24, 2025;

    b. Mediation conducted by March 14, 2025;

    c. Second intermediate document production by Defendants by March 19, 2025

    d. Completion of document production by Defendants by April 14, 2025;

    e. Completion of fact discovery on April 14, 2025;

    f. Expert Reports by Plaintiffs due May 5, 2025;

    g. Expert Reports by Defendants due June 2, 2025;

    h. Any rebuttal Expert Reports due July 2, 2025;

    i. Completion of Expert discovery/overall discovery on July 23, 2025.

  2. On March 12, 2025, the parties conducted a mediated settlement conference in-person in Raleigh, North Carolina, with mediator Frank Laney. [ECF No. 65.] The parties mediated for over 8 hours. During the mediation, the parties made good progress towards resolving this litigation, agreed to continue settlement discussions and set up another mediation for March 27, 2025.

  3. On March 27, 2025, the parties conducted a mediated settlement conference via Zoom. Again, the parties made good progress towards settling this litigation and agreed to hold another mediated settlement conference on or about April 16, 2025, among other takeaways. Mr. Laney has graciously offered to continue assisting the parties outside of the formal mediated settlement conferences as well. The parties have communicated with Mr. Laney about setting up time to do that and thank Mr. Laney for all of his efforts.

  4. Since the mediated settlement conference yesterday, the parties have already begun to work diligently on resolving outstanding issues in a potential settlement and anticipate dedicating significant time to that process over the next few weeks prior to the next mediated settlement conference on April 16.

  5. In addition, the parties believe modifying the case management deadlines will also allow the parties to complete depositions in an efficient manner. Currently, Defendants' final production deadline and the date for completion of fact discovery fall on the same

date—April 14, 2025. Under the parties' proposal outlined below, the parties would be able to review, analyze, and utilize the documents produced by Defendants on April 14 in depositions, which currently they would not be able to do.

6. Accordingly, the parties jointly and respectfully request that the Court enter an order modifying and extending the case management deadlines, other than Defendants' deadline for production of its third tranche of documents on April 14, 2025, by 30 days as follows:

    a. Completion of fact discovery on May 14, 2025;

    b. Expert Reports by Plaintiffs due June 4, 2025;

    c. Expert Reports by Defendants due July 2, 2025;

    d. Any rebuttal Expert Reports due August 1, 2025; and

    e. Completion of expert discovery/overall discovery on August 22, 2025.

7. The parties are mindful that in its January 30, 2025 Text Order the Court advised that "there shall be no further extension of said deadlines." The parties do not lightly ask the Court to reconsider this directive. However, the parties believe that an extension of the upcoming discovery deadlines will allow them to dedicate their energies to settling this litigation, which requires the resolution of numerous complex issues that benefit from the full focus of the parties' counsel, as well as allow the parties to conduct discovery as efficiently as possible.

*[SIGNATURE PAGE FOLLOWS]*

This the 28th day of March 2025

| | |
|---|---|
| **JOSHUA H. STEIN**<br>**ATTORNEY GENERAL**<br><br>*/s/Matthew T. Tulchin*<br>Matthew T. Tulchin<br>Special Deputy Attorney General<br>State Bar No. 43921<br>mtulchin@ncdoj.gov<br>Laura H. McHenry<br>State Bar No. 45005<br>lmchenry@ncdoj.gov<br>Tamika L. Henderson<br>State Bar No. 42398<br>thenderson@ncdoj.gov<br><br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Phone: 919-716-6900<br>Fax: 919-716-6763<br>*Attorneys for Defendants* | **NELSON MULLINS RILEY &**<br>**SCARBOROUGH LLP**<br><br>*/s/Robert L. Lindholm*<br>Robert L. Lindholm (N.C. Bar No. 52800)<br>301 South College Street<br>23rd Floor<br>Charlotte, NC 28202<br>(704) 417-3000<br>robert.lindholm@nelsonmullins.com<br><br>Soren K. Young*<br>Donna O. Tillis*<br>Yasmeen Ebbini*<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>(803) 799-2000<br>soren.young@nelsonmullins.com<br>donna.tillis@nelsonmullins.com<br>yasmeen.ebbini@nelsonmullins.com<br><br>Matthew G. Lindenbaum*<br>One Financial Center, Suite 3500<br>Boston, MA 02111<br>(617) 217-4700<br>matthew.lindenbaum@nelsonmullins.com<br><br>**Council For Children's Rights**<br><br>Michelle Duprey (N.C. Bar No. 53205)*<br>601 E. Fifth Street, Suite 510<br>Charlotte, NC 28202<br>(704) 943-9642<br>MDuprey@cfcrights.org<br><br>*\*Special Appearance Pursuant to Local Civil Rule 83.1(d)* |