IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>    *Defendants*. | **DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DEPOSITIONS OF PLAINTIFF DOES** |

Now Come Defendants, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 30(a)(2)(B), and respectfully submit this Motion to Conduct Depositions of John Doe 1 and John Doe 2 (juveniles within the custody and control of the North Carolina Department of Public Safety). In support of their Motion for Leave, Defendants state as follows:

1. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), an Order from this Court is required for Defendants to conduct the depositions of Plaintiff Does, who are in the custody and control of the North Carolina Department of Public Safety. Plaintiff Does are both housed at Rockingham Youth Development Center, 424 Elliot Road, Reidsville, NC 27320.

2. Rule 30 of the Federal Rules of Civil Procedure requires that a party seeking to take a deposition obtain leave of court if the requested deponent is confined in prison. See Fed. R. Civ. P. 30(a)(2)(B). The Federal Rules require that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)...." Therefore, the court must determine whether (1) the requested discovery is relevant and proportional to the needs of the case, see Fed. R.

Civ. P. 26(b)(1), and (2) the frequency and extent of the requested discovery is reasonable, or whether it is unreasonably cumulative or duplicative, could be obtained from some other source that is more convenient, less burdensome, or less expensive, or the requested discovery is outside the scope of Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(2).

3.     Defendants should be granted leave to depose Plaintiff Does because they have asserted claims against Defendants, and there is no valid basis to deny or limit the depositions. Under Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, leave to depose must be granted unless the requested discovery is inconsistent with the standards set forth in Rule 26(b)(1) and (2). Since the requested depositions are relevant, proportional to the needs of the case, and not unreasonably cumulative, duplicative, or burdensome, the Court should authorize the depositions in accordance with Rule 30 and Rule 26. Moreover, Defendants are seeking leave out of an abundance of caution, since Plaintiff Does are arguably not confined to a "prison" within the technical meaning of the rule.

4.     Defendants respectfully request that this Court issue an Order allowing Defendants to depose Plaintiff Does at their current juvenile facility. Because the Department of Public Safety is a party to this action, there is no general concern that the depositions will disrupt the facility's operations. Counsel for Defendants will coordinate with the appropriate officials at the affected correctional facility to schedule the depositions in a manner that minimizes any potential impact.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request this Court issue an Order allowing Defendants to depose Plaintiff Does pursuant to Fed. R. Civ. P. 30(a)(2)(B), and for all other and further relief as this Court deems just and appropriate.

3

Respectfully submitted this the 7th day of April 2025.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Tamika L. Henderson
Tamika L. Henderson
Special Deputy Attorney General
State Bar No. 43167
tlhenderson@ncdoj.gov

Matthew Tulchin
Special Deputy Attorney General
State Bar No. 43921
mtulchin@ncdoj.gov

Laura H. McHenry
Special Deputy Attorney General
State Bar No. 45005
lmchenry@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Phone: 919-716-6900
Fax: 919-716-6763
*Attorneys for Defendants*

3