IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>  *Plaintiffs*,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>  *Defendants*. | **JOINT MOTION TO MODIFY CERTAIN CASE MANAGEMENT DEADLINES** |

Pursuant to Local Civil Rule 7.3(j), the parties jointly and respectfully request that the Court enter an order modifying and extending certain case management deadlines so that the parties may continue to focus their efforts on attempting to resolve this matter via settlement.

1. Since January 30, 2025, when the Court ordered the parties to return to mediation, the parties have dedicated significant resources to collaboratively attempting to resolve the issues in this litigation. The parties' ongoing efforts include:

    a. Exchanging numerous drafts of a detailed, lengthy settlement agreement;

    b. Conducting multiple mediated settlement conferences and countless informal settlement discussions between counsel; and

    c. Meeting separately and as a group with experts who have overseen the implementation of similar settlement agreements in other states to discuss strategies for effectively crafting a settlement agreement.

2. The parties request that the Court extend all discovery deadlines an additional

45 days to allow the parties to continue to dedicate their resources to settlement negotiations.

3. The parties are cognizant of the Court's warning that it would not grant further extension requests. However, the parties believe the requested extension has merit. Since the last time the parties were before the Court, the parties have made progress through the exchange of lengthy draft settlement agreements and continued discussions. The parties' settlement negotiations involve nuanced and complicated issues. Among other things, any potential settlement will likely effect lasting change to the North Carolina Department of Public Safety's policies and practices at juvenile detention centers across the state. Ensuring these changes are effectively implemented without unintended consequences to the orderly operation of those facilities or the wellbeing of the juveniles detained therein as a result of any settlement is paramount, but also complicated.

4. The parties also believe that further deposition discovery at this point in the settlement negotiation process would chill the settlement negotiations between the parties.

5. The parties continue to believe that a mutually agreeable settlement is the best way for all parties to resolve the complex issues raised in Plaintiffs' Complaint and the requested extension herein would move the parties closer to such a resolution.

6. On May 15, 2025, the Court issued a Text Order setting the following case management deadlines:

    a. Completion of fact discovery on June 30, 2025;

    b. Expert Reports by Plaintiffs due July 21, 2025;

    c. Expert Reports by Defendants due August 18, 2025;

    d. Any rebuttal Expert Reports due September 15, 2025; and

e. Completion of expert discovery/overall discovery on October 6, 2025.

7. The parties jointly and respectfully request that the Court enter an order modifying and extending the case management deadlines as follows:

a. Completion of fact discovery on August 14, 2025;

b. Expert Reports by Plaintiffs due September 4, 2025;

c. Expert Reports by Defendants due October 2, 2025;

d. Any rebuttal Expert Reports due October 30, 2025; and

e. Completion of expert discovery/overall discovery on November 20, 2025.

8. In the alternative, if the Court is not inclined to grant this request, the parties ask the Court to set a status conference so that they may discuss the benefit an extension will have in allowing the parties to resolve this litigation without further Court intervention.

[SIGNATURE PAGE FOLLOWS]

This the 13th day of June 2025

| | |
|---|---|
| JEFF JACKSON<br>ATTORNEY GENERAL<br><br>/s/ *Matthew T. Tulchin*<br>Matthew T. Tulchin<br>Special Deputy Attorney General<br>State Bar No. 43921<br>mtulchin@ncdoj.gov<br>Laura H. McHenry<br>State Bar No. 45005<br>lmchenry@ncdoj.gov<br><br>North Carolina Department of Justice<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Phone: 919-716-6900<br>Fax: 919-716-6763<br>*Attorneys for Defendants* | NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br><br>/s/ *Robert L. Lindholm*<br>Robert L. Lindholm (N.C. Bar No. 52800)<br>301 South College Street<br>23rd Floor<br>Charlotte, NC 28202<br>(704) 417-3000<br>robert.lindholm@nelsonmullins.com<br><br>Soren K. Young*<br>Donna O. Tillis*<br>Yasmeen Ebbini*<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>(803) 799-2000<br>soren.young@nelsonmullins.com<br>donna.tillis@nelsonmullins.com<br>yasmeen.ebbini@nelsonmullins.com<br><br>Matthew G. Lindenbaum*<br>One Financial Center, Suite 3500<br>Boston, MA 02111<br>(617) 217-4700<br>matthew.lindenbaum@nelsonmullins.com<br><br>The Law Office of Michelle Duprey, PLLC<br><br>Michelle Duprey (N.C. Bar No. 53205)*<br>720 E. 4th Street, Suite 300<br>Charlotte, NC 28202<br>michelledupreylaw@icloud.com<br><br>*Attorneys for Plaintiffs*<br><br>*Special Appearance Pursuant to Local Civil Rule 83.1(d)* |