IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN DOE 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:24-CV-17 |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In their Answer, the defendants ask for a jury trial on "all issues of fact." Doc. 17 at 76. It appears the plaintiff, who did not ask for a jury trial, seeks only declaratory and injunctive relief. Doc. 1 at 55-56. The Court questions whether the defendant is entitled to a jury trial. *See* Fed. R. Civ. P. 39(a)(2) (authorizing courts to address right to a jury trial *sua sponte*). As explained clearly in a well-supported opinion issued recently by the Western District of Virgina, there is no right to a jury trial in case where the plaintiff seeks only injunctive and declaratory relief, subject to circumstances that do not appear to apply here. *See generally Va. State Conf. NAACP v. Cnty. School Board of Shenandoah Cnty.*, No. 5:24-cv-40, 2025 WL 1900992, at *2-5 (W.D. Va. June 5, 2025); *accord,* Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2308 (4th ed.) (noting that "there is no constitutional right to a jury trial on an injunction claim."); *id.* § 2313 (noting that "there is no jury trial right if, absent the declaratory procedure, the issue would have arisen in an equitable proceeding.").

It is **ORDERED** that:

1. Counsel **SHALL** meet and confer.

2. The parties **SHALL** address this issue in briefing filed no later than September 17, 2025, as follows:

    a. If they agree there is no right to a jury trial, they shall jointly file something short to that effect;

    b. If they agree there is a right to a jury trial, they shall file a joint brief explaining why and citing case law; or

    c. If they disagree, each side shall file a brief limited to 5000 words.

This the 27th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE