IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-LCB-JLW

JOHN DOE 1, et al.,

    *Plaintiffs*,

v.

NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY, et al.,

    *Defendants*.

**DEFENDANTS' SURREPLY TO
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION**

The Court should not exclude DE 45-5 through 45-8 because Rule 37(c) applies only to information or witnesses required to be disclosed under Rule 26(a) or (e), and the materials at issue fall outside that scope. They were not required in initial disclosures, have since been produced, and their inclusion causes no prejudice to Plaintiffs.

### I.    Rule 37(c) Is Inapplicable to the Challenged Material.

The information Plaintiffs ask this Court to strike does not fall within the scope of Rule 37(c) and therefore can and should be considered in evaluating Plaintiffs' motion for class certification.

Rule 37(c) provides that if a party fails to disclose information or identify a witness as required by Rule 26(a) or 26(e), that party is not permitted to use the information or witness to support a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In turn, Rule 26(a)[1] requires the parties, without awaiting discovery requests, to disclose the name of each individual likely to have discoverable information, along with the subjects of that information, and

---

[1] Rule 26(e) requires parties to timely supplement initial disclosures, expert reports, and discovery responses if the party learns that in some material respect the disclosure or response was incomplete or inaccurate. Fed. R. Civ. P. Rule 26(e)(1)

to provide or describe all documents the party may use to support its claims or defenses, "unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii).

Impeachment material is evidence used to challenge the veracity of a witness or to show that a witness is unworthy of belief. *See United States v. Prince*, No. 3:96-122, 2000 U.S. Dist. LEXIS 20795, *27 (D.S.C. 2000) (citing *McWethy v. Lee*, 1 Ill. App. 3d 80, 272 N.E.2d 663, 666 (Ill. Ct. App. 4th 1971)). That is precisely how Defendants used the challenged material in its response. Accordingly, its disclosure was not required under Rule 26, and Rule 37(c) does not apply.

Plaintiffs' motion for class certification repeatedly asserts that Defendants routinely place juveniles in solitary confinement for 23 or more hours per day, for months at a time "for no penological reason whatsoever," citing Plaintiffs' declarations. [DE 40, p 6; *see also* DE 40 pp 2-10, 14-19] Plaintiffs further claim that all juveniles are placed in solitary confinement from "the moment they step inside" a facility to "the moment they are released." These assertions are demonstrably false. [DE 40, pp 2, 4-8]

The evidence offered by Erin Hickey, the PREA and Records Manager for the Division of Juvenile Justice and Delinquency Prevention, directly undermines Plaintiffs' claims and calls into question the credibility of their declarations. *See Prince*, 2000 U.S. Dist. LEXIS 20795, at *27. Because this evidence was offered solely for impeachment, Defendants were not required to identify Hickey or produce the records attached to her declaration in their initial disclosures.

Because Rule 26(a) did not require disclosure of this material, Rule 37(c) does not apply. The Court may properly consider the evidence in making its class certification determination.

**II.     Even if 37(c) Applies, Nondisclosure Was Substantially Justified and Harmless.**

Even if disclosure of the challenged material was required under Rule 26, Plaintiffs have not been prejudiced by its use in Defendants' response to class certification. Defendants' submission of Hickey's declaration and supporting records was proper and should not be stricken.

2

Assuming without conceding that Rule 37(c) applies, the Fourth Circuit recognizes two exceptions to exclusion: (1) where the failure to disclose was substantially justified, or (2) the nondisclosure is harmless. *See, e.g. Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Ultimately, the basic purpose of Rule 37(c) is to prevent surprise and prejudice to the opposing party. *Id.* (citations omitted). The Fourth Circuit assesses harmlessness or justification using five-factors:

- Surprise to the opposing party;

- Ability of the party to cure that surprise;

- Potential disruption of trial;

- Explanation for the failure to name the witness before trial; and

- Importance of the testimony.

*Id.*

Applying these factors, courts have stricken material under Rule 37(c) when a defendant was surprised at trial by plaintiff's expert's new opinion, since "the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure," *id*. at 598, or when a party submitted supplemental disclosures regarding damages one month before trial even though the supplement was based on documents available to that party approximately four months earlier, since depositions would have to be reopened and "revised expert opinion reports would likely need to be prepared," *Deque Sys. v. Browerstack, Inc.*, 2025 U.S. Dist. LEXIS 84378, *17 (E.D.Va. Jan. 13, 2025).

Here, however, Plaintiffs were neither surprised nor prejudiced by submission of the challenged material. While Plaintiffs' counsel may have been surprised to learn that their clients' declarations were not supported by the evidence, the information contained in Hickey's declaration and the attached records would not have been a surprise to Plaintiffs themselves. Hickey was

3

identified as a witness with knowledge of NCDPS's management and record keeping system and the attachments to her declaration were produced in response to Request #10 in Plaintiffs' Third Set of Requests for Production of Documents (DPS-175028-DPS-175589) in February 2025, and also in subsequent productions. Moreover, fact discovery was still open when Defendants submitted Hickey's declaration in November 2024—and remains open. To the extent Plaintiffs wished to cure any surprise, Plaintiffs have had ten months to depose Hickey or seek related discovery but have not done so. No trial date has been set, and Defendants had no reason to anticipate the relevance of these records until Plaintiffs filed their declarations. Moreover, the veracity of Plaintiff's allegations is central to the class certification analysis, which highlights the import of the challenged material. Therefore, the five factors weigh against exclusion and support the Court's consideration of the challenged material.

Respectfully submitted this the 5th day of September, 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ Laura H. McHenry
Laura H. McHenry
Special Deputy Attorney General
State Bar No. 45005
lmchenry@ncdoj.gov

Matthew Tulchin
Special Deputy Attorney General
State Bar No. 43921
mtulchin@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Phone: 919-716-6900
Fax: 919-716-6763
*Attorneys for Defendants*

4

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d) and this Court's August 28, 2025, text order, I certify that the body of this memorandum, including headings and footnotes but excluding the caption, signature lines, certificates and any cover pages or indices, does not exceed 1,000 words.

This the 5th day of September, 2025.

/s/ Laura H. McHenry
Laura H. McHenry

Case 1:24-cv-00017-CCE-JLW     Document 79     Filed 09/05/25     Page 5 of 5