IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-CCE-JLW

JOHN DOE 1, et al.,

    *Plaintiffs*,

    v.

NORTH CAROLINA DEPARTMENT
OF PUBLIC SAFETY, et al.,

    *Defendants*.

**PLAINTIFFS' MOTION TO
SUPPLEMENT THE RECORD
ON MOTION FOR CLASS
CERTIFICATION**

Plaintiffs John Doe 1 and John Doe 2 (collectively, "Plaintiffs"), by and through their counsel, respectfully move the Court to consider additional evidence produced after completion of briefing on Plaintiffs' Motion for Class Certification and referenced and quoted on the record by Plaintiffs' counsel at the October 1, 2025 hearing (the "Motion"). In support of its Motion, Plaintiffs state the following.

1. On September 26, 2024, Plaintiffs filed their Motion for Class Certification (ECF No. 39), supporting memorandum of law (ECF No. 40), and supporting evidence available to them at that time (ECF Nos. 40-1 to 40-9).

2. On November 18, 2024, Defendants filed their Response to Plaintiffs' Motion for Class Certification (ECF No. 45) and supporting evidence (ECF Nos. 45-1 to 45-7).

3. On December 9, 2024, Plaintiffs filed their Reply in Further Support of Motion for Class Certification (ECF No. 47) and supporting evidence available to Plaintiffs

at that time (ECF Nos. 47-1 to 47-4).

4. On September 2, 2025, this Court issued a text order advising the parties that a hearing upon Plaintiffs' Motion for Class Certification would be held on October 1, 2025 (ECF No. 78).

5. On October 1, 2025, this Court held a hearing on Plaintiffs' Motion for Class Certification ("Hearing"). (*See* Oct. 1, 2025 Minute Entry.)

6. During the Hearing, the Court raised the propriety of a statewide class versus a class of juveniles at only the Cabarrus Regional Juvenile Detention Center (the "Cabarrus JDC") and what other evidence of solitary confinement existed for juvenile detention centers ("JDCs") beyond the Cabarrus JDC. (*See* Oct. 1, 2025 Tr. at 4:11–5:4, attached hereto as **Exhibit 1**; 14:19-15:5, attached hereto as **Exhibit 2**.)

7. Plaintiffs' counsel addressed the Court's question and stated that, after the parties completed briefing on Plaintiffs' Motion for Class Certification, Plaintiffs received discovery from Disability Rights North Carolina ("Disability Rights"), among others, that provided evidence of solitary confinement at facilities beyond the Cabarrus JDC and the Dillon Regional Juvenile Detention Center. (Oct. 1, 2025 Tr. at 16:25–18:22, attached hereto as **Exhibit 3**.)

8. The discovery received from Disability Rights includes:

   a. Disability Rights' Pitt Regional Juvenile Detention Center Monitoring Debrief Memo dated September 30, 2024, attached hereto as **Exhibit 4**;

2

b. Disability Rights' Cumberland Regional Juvenile Detention Center Monitoring Debrief Memo dated March 4, 2025, attached hereto as **Exhibit 5**;

c. Disability Rights' New Hanover Regional Juvenile Detention Center Monitoring Debrief Memo dated February 6, 2025, attached hereto as **Exhibit 6**; and

d. Disability Rights' Perquimans Juvenile Detention Center Monitoring Debrief Memo dated February 6, 2025, attached hereto as **Exhibit 7**.

9. As part of this Court's "rigorous analysis" to determine whether Plaintiffs have met the prerequisites of Rule 23, "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Brown v. Nucor Corp.*, 785 F.3d 895, 903 n.5 (4th Cir. 2015) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). "[D]istrict courts have wide-ranging control over management of their dockets, the courtroom procedures, and the admission of evidence." *U.S. v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004).

10. Courts in the Fourth Circuit have permitted parties to supplement the record related to motions for class certification when evidence becomes newly available. *See, e.g.*, Order, *Anderson v. Lab. Corp. of Amer. Holdings*, No. 1:17-cv-00193-TDS-JLW (M.D.N.C. Feb. 13, 2023), ECF No. 224, attached hereto as **Exhibit 8** (granting plaintiffs' motion to supplement the record on class certification to consider additional evidence not made available prior to briefing on the motion).

11. This Court should grant Plaintiffs' Motion to supplement the record with Exhibits 5–8 attached to this Motion because good cause exists, the supplemental evidence

3

is material to the Rule 23 analysis, and no prejudice will result to Defendants.

12.    Based on the foregoing reasons, the attachments hereto, and the full argument
provided in the Memorandum of Law in Support of Plaintiffs' Motion to Supplement the
Record on Motion for Class Certification, Plaintiffs respectfully request that this Court
grant this Motion and supplement the record on Plaintiffs' Motion for Class Certification
with Exhibits 4–7.

*[SIGNATURE PAGE FOLLOWS]*

4

Dated this 13th day of October 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Robert L. Lindholm
Robert L. Lindholm (N.C. Bar No. 52800)
301 South College Street
23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Donna O. Tillis*
Soren K. Young*
Yasmeen Ebbini*
Axton D. Crolley*
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000
donna.tillis@nelsonmullins.com
soren.young@nelsonmullins.com
yasmeen.ebbini@nelsonmullins.com
axton.crolley@nelsonmullins.com

Matthew G. Lindenbaum*
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
matthew.lindenbaum@nelsonmullins.com

**The Law Office of Michelle Duprey, PLLC**

Michelle Duprey (N.C. Bar No. 53205)*
720 E. 4th Street, Suite 300
Charlotte, NC 28202
(336) 685-1647
michelledupreylaw@icloud.com

5

*Special Appearance Pursuant to Local Civil Rule
83.1(d)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Dated: October 13, 2025      /s/ Robert L. Lindholm
                                Robert L. Lindholm
                                N.C. Bar No. 52800
                                Nelson Mullins Riley & Scarborough LLP
                                301 South College Street
                                23rd Floor
                                Charlotte, NC 28202
                                (704) 417-3000
                                robert.lindholm@nelsonmullins.com