# EXHIBIT 1

```
 1                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   JOHN DOE 1, a minor, by and through       1:24-CV-00017
     his parent and natural guardian JANE
 4   DOE 1; JOHN DOE 2, a minor, by and
     through his parent and natural guardian
 5   JANE DOE 2; JOHN DOE 3, a minor,
     by and through his parent and natural
 6   guardian JANE DOE 3; on behalf of
     themselves and all others similarly
 7   situated,
               Plaintiffs,
 8   v.                                        GREENSBORO, NC
     NORTH CAROLINA DEPARTMENT
 9   OF PUBLIC SAFETY; EDDIE M.
     BUFFALOE, JR., Secretary of the
10   North Carolina Department of Public
     Safety, in his official capacity;
11   WILLIAM L. LASSITER, Deputy
     Secretary of the Division of Juvenile
12   Justice and Delinquency Prevention, in
     his official capacity; PETER BROWN,
13   Facility Director of the Cabarrus
     Regional Juvenile Detention Center, in
14   his official capacity,
               Defendants.                     OCTOBER 1, 2025
15

16

17

18        ONE-DAY EXPEDITED TRANSCRIPT OF THE MOTION HEARING
               BEFORE THE HONORABLE CATHERINE C. EAGLES
19                   UNITED STATES DISTRICT JUDGE

20

21   COURT REPORTER:

22          STACY HARLOW, RVR-M, CVR-M, CM, RBC, RCP
            Post Office Box 21471
23          Winston-Salem, North Carolina  27120

24
     Proceedings recorded by voice stenography realtime translation.
25       Transcript produced by computer-aided transcription.
```

Stacy Harlow,  RVR-M, CVR-M, CM, RCP, RBC
United States Court Reporter
Middle District of North Carolina

```
 1                        APPEARANCES:

 2    FOR THE PLAINTIFFS:

 3              ROBERT L. LINDHOLM, ESQUIRE
                Nelson Mullins Riley & Scarborough LLP
 4              301 South College Street - 23rd Floor - Suite 2300
                Charlotte, North Carolina  28202
 5              E-mail: robert.lindholm@nelsonmullins.com

 6              AXTON DYLAN CROLLEY, ESQUIRE
                2729 Putnam Street
 7              Columbia, South Carolina  29204
                E-mail: axton.crolley@nelsonmullins.com
 8
                MICHELLE DUPREY, ESQUIRE
 9              Law Office of Michelle Duprey
                720 East 4th Street - Suite 300
10              Charlotte, North Carolina  28202
                E-mail: michelledupreylaw@icloud.com
11

12    FOR THE DEFENDANTS:

13
                MATTHEW T. TULCHIN, ESQUIRE
14              LAURA MCHENRY, ESQUIRE
                North Carolina Department of Justice
15              Post Office Box 629
                Raleigh, North Carolina 27602-0629
16              E-mail: mtulchin@ncdoj.gov
                E-mail: lmchenry@ncdoj.gov
17

18

19

20

21

22

23

24

25
```

                 Stacy Harlow,  RVR-M, CVR-M, CM, RCP, RBC
                          United States Court Reporter
                        Middle District of North Carolina

1  still ongoing.  It sounded like from the various -- the status
2  report that you were working on that, but you might need some
3  help from me, not in terms of directly helping you settle, but
4  in terms of some decisions.
5          So I'm ready.  Of course, if you end up not needing
6  me and you settle it, please let me know immediately so I can
7  stop working on it.  But I am expecting to resolve the motion
8  for class certification.
9          And I think I did give you kind of a -- a preliminary
10 take on the case in that it seems quite likely class
11 certification is appropriate to some extent.  But I want to --
12 want you all to talk to me about why it should be -- well, the
13 plaintiff -- why the plaintiff thinks it should be statewide as
14 opposed to just the Cabarrus facilities.  At the moment, I'm
15 kind of leaning towards just that.  But perhaps there's
16 evidence about statewide policies that would make a statewide
17 class more appropriate, or at least okay.
18         You know, if this was a jury, I would not be talking
19 about a statewide class, but it is a little different that --
20 because it's not going to be a jury trial because that's just
21 easier to manage and for me -- well, it's a lot more work for
22 me, but I am capable of parsing it out.  And it's a little --
23 you know, I have more time to do that than the jury would.
24         But I'm not sure about the evidence on whether --
25 dealing with -- I -- I will occasionally say "solitary

confinement," and sometimes I might say "ARC," which appears to be the defendants' preferred term, or administrative confinement. You know, I'm just not sure that there's a statewide policy here.

And so I want to -- you know, kind of gets us into the elements of the claim and what the plaintiff is going to have to prove to prevail and what kind of remedy you're asking for. I know that I don't necessarily have to certify a 23(b)(3) class with predominance because the plaintiff says (b)(1) or (b)(2) is available too. But, you know, common issues are important in thinking about a class action.

So I also want to be sure -- and I think I mentioned this -- I think the -- the -- two of the three original named plaintiffs have aged out. And if y'all can just touch base with me on how that applies.

So what I thought, after I tell you all of that, is then I'll just hear from you. You can work your responses to my questions in as you see fit, and sometimes I'm a little bit of a hot bench on civil matters. I am not challenging you; I am exploring with you. And nor am I -- nor when I ask you a question am I deciding anything.

So, you know, I hope it's a conversation. All right?

Let me get everybody to identify themselves, both for my benefit and for the court reporter. So here for the plaintiff?