EXHIBIT 2

Plaintiffs' Initial Disclosures (June 14, 2024)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## 1:24-CV-00017

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and natural guardian JANE DOE 1; JOHN DOE 2, a minor, by and through his parent and natural guardian JANE DOE 2; JOHN DOE 3, a minor, by and through his parent and natural guardian JANE DOE 3; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety, in his official capacity; WILLIAM L. LASSITER, Deputy Secretary of the Division of Juvenile Justice and Delinquency Prevention, in his official capacity; PETER BROWN, Facility Director of the Cabarrus Regional Juvenile Detention Center, in his official capacity, <br><br> Defendants. | **PLAINTIFFS' INITIAL DISCLOSURES** |

Plaintiffs John Doe 1, John Doe 2, and John Doe 3 (collectively "Plaintiffs"), hereby disclose the following information pursuant to Fed. R. Civ. P. 26(a)(1).

## INTRODUCTORY STATEMENT

The following initial disclosures are based on information reasonably available to Plaintiffs at this time. In making these disclosures, Plaintiffs do not represent that every document or

tangible thing possibly relevant to this action or that every potential witness with discoverable information is identified herein. These disclosures represent a good faith effort by Plaintiffs to identify information that is reasonably believed to be relevant to the issues before the Court in advance of discovery.

These disclosures are also made without waiving, in any way: (i) Plaintiffs' right to object on the grounds of competency, privilege, relevancy, materiality, hearsay or any other proper ground; and (ii) Plaintiffs' right to object on any ground, at any time, to any discovery request or proceeding relating to information contained in these disclosures.

## **INITIAL DISCLOSURES**

Subject to the foregoing Introductory Statement, and without waiver thereof, Plaintiffs responds to the initial disclosure items under Fed. R. Civ. P. 26(a)(1) as follows:

(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses, unless the use would solely be for impeachment;

**RESPONSE:** Based on information reasonably available to Plaintiffs at this time, Plaintiffs identify the following individuals:

    a. John Doe 1
       John Doe 1 can be contacted via the undersigned attorneys.

       John Doe 1 is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the amount of time juveniles in Juvenile Detention Centers are confined to their cells; the conditions of the cells in Juvenile Detention Centers; the educational services provided to juveniles in Juvenile Detention Centers; the mental health services provided to juveniles in Juvenile Detention Centers; the recreational activities available to juveniles in Juvenile Detention Centers; security incidents in Juvenile Detention Centers; the effect of solitary confinement on the mental health

of juveniles in Juvenile Detention Centers; and other issues related to confinement in Juvenile Detention Centers.

b. John Doe 2

John Doe 2 can be contacted via the undersigned attorneys.

John Doe 2 is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the amount of time juveniles in Juvenile Detention Centers are confined to their cells; the conditions of the cells in Juvenile Detention Centers; the educational services provided to juveniles in Juvenile Detention Centers; the mental health services provided to juveniles in Juvenile Detention Centers; the recreational activities available to juveniles in Juvenile Detention Centers; security incidents in Juvenile Detention Centers; the effect of solitary confinement on the mental health of juveniles in Juvenile Detention Centers; and other issues related to confinement in Juvenile Detention Centers.

c. John Doe 3

John Doe 3 can be contacted via the undersigned attorneys.

John Doe 3 is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the amount of time juveniles in Juvenile Detention Centers are confined to their cells; the conditions of the cells in Juvenile Detention Centers; the educational services provided to juveniles in Juvenile Detention Centers; the mental health services provided to juveniles in Juvenile Detention Centers; the recreational activities available to juveniles in Juvenile Detention Centers; security incidents in Juvenile Detention Centers; the effect of solitary confinement on the mental health of juveniles in Juvenile Detention Centers; and other issues related to confinement in Juvenile Detention Centers.

d. Eddie M. Buffaloe, Jr.

Eddie Buffaloe, Jr. is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the North Carolina Department of Public Safety's ("NCDPS") policies, procedures, and actual practices related to confinement of juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of educational services to juveniles at the Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of mental health services to juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the nature and amount of time juveniles are allowed outside of their cells in Juvenile Detention Centers; the condition of the cells in Juvenile Detention Centers; staffing in Juvenile Detention Centers; inspections of any Juvenile Detention Center by any outside organization; security incidents at any Juvenile Detention Centers; his communications with

members of the North Carolina legislative, executive, and judicial branches of government regarding issues in Juvenile Detention Centers; and other issues related to the operation and management of the North Carolina Department of Public Safety and its Juvenile Detention Centers.

e. William L. Lassiter

William Lassiter is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies, procedures, and actual practices related to confinement of juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of educational services to juveniles at the Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of mental health services to juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the nature and amount of time juveniles are allowed outside of their cells in Juvenile Detention Centers; the condition of the cells in Juvenile Detention Centers; staffing in Juvenile Detention Centers; inspections of any Juvenile Detention Center by any outside organization; security incidents at any Juvenile Detention Centers; his communications with members of the North Carolina legislative, executive, and judicial branches of government regarding issues in Juvenile Detention Centers; and other issues related to the operation and management of the North Carolina Department of Public Safety and its Juvenile Detention Centers.

f. Peter Brown

Peter Brown is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Cabarrus Juvenile Detention Center; the provision of educational services to juveniles at the Cabarrus Juvenile Detention Center; the provision of mental health services to juveniles at the Cabarrus Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Cabarrus Juvenile Detention Center; the conditions of the cells at the Cabarrus Juvenile Detention Center; staffing at the Cabarrus Juvenile Detention Center; inspections of the Cabarrus Juvenile Detention Center by any outside organization; security incidents at the Cabarrus Juvenile Detention Center; and other issues related to the operation and management of the Cabarrus Juvenile Detention Center.

g. Talonda Johnson

Talonda Johnson is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles;

4

NCDPS's actual practices related to confinement of juveniles at the Cabarrus Juvenile Detention Center; the provision of educational services to juveniles at the Cabarrus Juvenile Detention Center; the provision of mental health services to juveniles at the Cabarrus Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Cabarrus Juvenile Detention Center; the conditions of the cells at the Cabarrus Juvenile Detention Center; staffing at the Cabarrus Juvenile Detention Center; inspections of the Cabarrus Juvenile Detention Center by any outside organization; security incidents at the Cabarrus Juvenile Detention Center; and other issues related to the operation and management of the Cabarrus Juvenile Detention Center.

h. Ryan Abbott

Ryan Abott is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Cabarrus Juvenile Detention Center; the provision of educational services to juveniles at the Cabarrus Juvenile Detention Center; the provision of mental health services to juveniles at the Cabarrus Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Cabarrus Juvenile Detention Center; the conditions of the cells at the Cabarrus Juvenile Detention Center; staffing at the Cabarrus Juvenile Detention Center; inspections of the Cabarrus Juvenile Detention Center by any outside organization; security incidents at the Cabarrus Juvenile Detention Center; and other issues related to the operation and management of the Cabarrus Juvenile Detention Center.

i. Angela Smith

Angela Smith is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies, procedures, and actual practices related to confinement of juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of educational services to juveniles at the Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the provision of mental health services to juveniles in Juvenile Detention Centers; NCDPS's policies, procedures, and actual practices related to the nature and amount of time juveniles are allowed outside of their cells in Juvenile Detention Centers; the condition of the cells in Juvenile Detention Centers; staffing in Juvenile Detention Centers; inspections of any Juvenile Detention Center by any outside organization; security incidents at any Juvenile Detention Centers; her communications with members of the North Carolina legislative, executive, and judicial branches of government regarding issues in Juvenile Detention Centers; and other issues related to the operation and management of the North Carolina Department of Public Safety and its Juvenile Detention Centers.

j.  Kimberly Cowart

   Kimberly Cowart is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Alexander Juvenile Detention Center; the provision of educational services to juveniles at the Alexander Juvenile Detention Center; the provision of mental health services to juveniles at the Alexander Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Alexander Juvenile Detention Center; the conditions of the cells at the Alexander Juvenile Detention Center; staffing at the Alexander Juvenile Detention Center; inspections of the Alexander Juvenile Detention Center by any outside organization; security incidents at the Alexander Juvenile Detention Center; and other issues related to the operation and management of the Alexander Juvenile Detention Center.

k.  Gene Hallock

   Gene Hallock is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Cumberland Regional Juvenile Detention Center; the provision of educational services to juveniles at the Cumberland Regional Juvenile Detention Center; the provision of mental health services to juveniles at the Cumberland Regional Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Cumberland Regional Juvenile Detention Center; the conditions of the cells at the Cumberland Regional Juvenile Detention Center; staffing at the Cumberland Regional Juvenile Detention Center; inspections of the Cumberland Regional Juvenile Detention Center by any outside organization; security incidents at the Cumberland Regional Juvenile Detention Center; and other issues related to the operation and management of the Cumberland Regional Juvenile Detention Center.

l.  Bakari Johnson

   Bakari Johnson is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Dillon Juvenile Detention Center; the provision of educational services to juveniles at the Dillon Juvenile Detention Center; the provision of mental health services to juveniles at the Dillon Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Dillon Juvenile Detention Center; the conditions of the cells at the Dillon Juvenile Detention Center; staffing at the Dillon Juvenile

6

Detention Center; inspections of the Dillon Juvenile Detention Center by any outside organization; security incidents at the Dillon Juvenile Detention Center; and other issues related to the operation and management of the Dillon Juvenile Detention Center.

m. Devante Hicks

Devante Hicks is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the New Hanover Regional Juvenile Detention Center; the provision of educational services to juveniles at the New Hanover Regional Juvenile Detention Center; the provision of mental health services to juveniles at the New Hanover Regional Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the New Hanover Regional Juvenile Detention Center; the conditions of the cells at the New Hanover Regional Juvenile Detention Center; staffing at the New Hanover Regional Juvenile Detention Center; inspections of the New Hanover Regional Juvenile Detention Center by any outside organization; security incidents at the New Hanover Regional Juvenile Detention Center; and other issues related to the operation and management of the New Hanover Regional Juvenile Detention Center.

n. Tyshanda Brown

Tyshanda Brown is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Pitt Regional Juvenile Detention Center; the provision of educational services to juveniles at the Pitt Regional Juvenile Detention Center; the provision of mental health services to juveniles at the Pitt Regional Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Pitt Regional Juvenile Detention Center; the conditions of the cells at the Pitt Regional Juvenile Detention Center; staffing at the Pitt Regional Juvenile Detention Center; inspections of the Pitt Regional Juvenile Detention Center by any outside organization; security incidents at the Pitt Regional Juvenile Detention Center; and other issues related to the operation and management of the Pitt Regional Juvenile Detention Center.

o. Possia Sanders

Possia Sanders is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Richmond-Jenkins Juvenile Detention Center; the provision of educational services to

juveniles at the Richmond-Jenkins Juvenile Detention Center; the provision of mental health services to juveniles at the Richmond-Jenkins Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Richmond-Jenkins Juvenile Detention Center; the conditions of the cells at the Richmond-Jenkins Juvenile Detention Center; staffing at the Richmond-Jenkins Juvenile Detention Center; inspections of the Richmond-Jenkins Juvenile Detention Center by any outside organization; security incidents at the Richmond-Jenkins Juvenile Detention Center; and other issues related to the operation and management of the Richmond-Jenkins Juvenile Detention Center.

p. Jonathan Manley

Jonathan Manley is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Wake Regional Juvenile Detention Center; the provision of educational services to juveniles at the Wake Regional Juvenile Detention Center; the provision of mental health services to juveniles at the Wake Regional Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Wake Regional Juvenile Detention Center; the conditions of the cells at the Wake Regional Juvenile Detention Center; staffing at the Wake Regional Juvenile Detention Center; inspections of the Wake Regional Juvenile Detention Center by any outside organization; security incidents at the Wake Regional Juvenile Detention Center; and other issues related to the operation and management of the Wake Regional Juvenile Detention Center.

q. Flueretta McDougal

Flueretta McDougal is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Chatham Juvenile Detention Center; the provision of educational services to juveniles at the Chatham Juvenile Detention Center; the provision of mental health services to juveniles at the Chatham Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Chatham Juvenile Detention Center; the conditions of the cells at the Chatham Juvenile Detention Center; staffing at the Chatham Juvenile Detention Center; inspections of the Chatham Juvenile Detention Center by any outside organization; security incidents at the Chatham Juvenile Detention Center; and other issues related to the operation and management of the Chatham Juvenile Detention Center.

r. Tangi Jordan

Tangi Jordan is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies and procedures related to confinement of juveniles; NCDPS's actual practices related to confinement of juveniles at the Lenoir Juvenile Detention Center; the provision of educational services to juveniles at the Lenoir Juvenile Detention Center; the provision of mental health services to juveniles at the Lenoir Juvenile Detention Center; the nature and amount of time juveniles are allowed outside of their cells at the Lenoir Juvenile Detention Center; the conditions of the cells at the Lenoir Juvenile Detention Center; staffing at the Lenoir Juvenile Detention Center; inspections of the Lenoir Juvenile Detention Center by any outside organization; security incidents at the Lenoir Juvenile Detention Center; and other issues related to the operation and management of the Lenoir Juvenile Detention Center.

s. Peter Kuhns

Peter Kuhns is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of educational, health, behavioral health, and social work services to juveniles in Juvenile Detention Centers; the nature of educational, health, behavioral health, and social work services provided to juveniles in Juvenile Detention Centers; the number of individuals providing educational, health, behavioral health, and social work services to juveniles in Juvenile Detention Centers; the impact of staffing levels in Juvenile Detention Centers on the provision of educational, health, behavioral health, and social work services to juveniles in Juvenile Detention Centers; the impact of solitary confinement on juveniles in Juvenile Detention Centers; and other issues related to the provision of educational, health, behavioral health, social work, and other services to juveniles in Juvenile Detention Centers.

t. Casey Corey

Casey Corey is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the nature of educational services provided to juveniles in Juvenile Detention Centers, including but not limited to the subjects covered by the education services and the number of hours of instruction dedicated to each subject; the frequency with which educational services are provided to juveniles in Juvenile Detention Centers; the number of staff providing educational services to juveniles in Juvenile Detention Centers; and other issues related to the provision of educational services to juveniles in Juvenile Detention Centers.

u.  Althea Hrbek

   Althea Hrbek is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the nature of educational services provided to juveniles in Juvenile Detention Centers, including but not limited to the subjects covered by the education services and the number of hours of instruction dedicated to each subject; the frequency with which educational services are provided to juveniles in Juvenile Detention Centers; the number of staff providing educational services to juveniles in Juvenile Detention Centers; and other issues related to the provision of educational services to juveniles in Juvenile Detention Centers.

v.  Belinda Cauthen

   Belinda Cauthen is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the nature of educational services provided to juveniles in Juvenile Detention Centers, including but not limited to the subjects covered by the education services and the number of hours of instruction dedicated to each subject; the frequency with which educational services are provided to juveniles in Juvenile Detention Centers; the number of staff providing educational services to juveniles in Juvenile Detention Centers; and other issues related to the provision of educational services to juveniles in Juvenile Detention Centers.

w.  Stephanie Scott-McDonald

   Stephanie Scott-McDonald is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing health services to juveniles in Juvenile Detention Centers; the nature of health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers; the frequency with which juveniles in Juvenile Detention Centers have access to health services; the impact of solitary confinement on the health of juveniles in Juvenile Detention Centers; and other issues related to the provision of health care services to juveniles in Juvenile Detention Centers

x.  Janet Clarke-McLean

   Janet Clarke-McLean is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing behavioral health services to juveniles in Juvenile Detention Centers; the nature of behavioral health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers; training given to individuals related to the provision of behavioral health services

to juveniles in Juvenile Detention Centers; and other issues related to the provision of behavioral health care services to juveniles in Juvenile Detention Centers.

y.  Adam Prokopchak

Adam Prokopchak is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing behavioral health services to juveniles in Juvenile Detention Centers; the nature of behavioral health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers; training given to individuals related to the provision of behavioral health services to juveniles in Juvenile Detention Centers; and other issues related to the provision of behavioral health care services to juveniles in Juvenile Detention Centers.

z.  Sonja Frison

Sonja Frison is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing behavioral health services to juveniles in Juvenile Detention Centers; the nature of behavioral health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers; training given to individuals related to the provision of behavioral health services to juveniles in Juvenile Detention Centers; and other issues related to the provision of behavioral health care services to juveniles in Juvenile Detention Centers.

aa. Dawn Thomas

Dawn Thomas is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing behavioral health services to juveniles in Juvenile Detention Centers; the nature of behavioral health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers; training given to individuals related to the provision of behavioral health services to juveniles in Juvenile Detention Centers; and other issues related to the provision of behavioral health care services to juveniles in Juvenile Detention Centers.

bb. Jordan Dropkin

Jordan Dropkin is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to providing behavioral health services to juveniles in Juvenile Detention Centers; the nature of behavioral health services provided to juveniles in Juvenile Detention Centers; the number of individuals providing health services to juveniles in Juvenile Detention Centers;

training given to individuals related to the provision of behavioral health services to juveniles in Juvenile Detention Centers; and other issues related to the provision of behavioral health care services to juveniles in Juvenile Detention Centers.

cc. Gary Skinner

Gary Skinner is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of social work services to juveniles in Juvenile Detention Centers; the development of individualized service plans for juveniles in the Juvenile Detention Centers; the conditions of cells in Juvenile Detention Centers; the impact of solitary confinement on the well-being of juveniles in Juvenile Detention Centers; and other issues related to the provision of social work services to juveniles in Juvenile Detention Centers.

dd. Kristie Purvis

Kristie Purvis is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of social work services to juveniles in Juvenile Detention Centers; the development of individualized service plans for juveniles in the Juvenile Detention Centers; the conditions of cells in Juvenile Detention Centers; the impact of solitary confinement on the well-being of juveniles in Juvenile Detention Centers; and other issues related to the provision of social work services to juveniles in Juvenile Detention Centers.

ee. Shoron Purvis

Shoron Purvis is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of social work services to juveniles in Juvenile Detention Centers; the development of individualized service plans for juveniles in the Juvenile Detention Centers; the conditions of cells in Juvenile Detention Centers; the impact of solitary confinement on the well-being of juveniles in Juvenile Detention Centers; and other issues related to the provision of social work services to juveniles in Juvenile Detention Centers.

ff. Gina Isley

Gina Isley is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of social work services to juveniles in Juvenile Detention Centers; the development of

12

individualized service plans for juveniles in the Juvenile Detention Centers; the conditions of cells in Juvenile Detention Centers; the impact of solitary confinement on the well-being of juveniles in Juvenile Detention Centers; and other issues related to the provision of social work services to juveniles in Juvenile Detention Centers.

gg. Carol Street

Carol Street is expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: policies, procedures, and actual practices related to the provision of social work services to juveniles in Juvenile Detention Centers; the development of individualized service plans for juveniles in the Juvenile Detention Centers; the conditions of cells in Juvenile Detention Centers; the impact of solitary confinement on the well-being of juveniles in Juvenile Detention Centers; and other issues related to the provision of social work services to juveniles in Juvenile Detention Centers.

hh. Current and former correctional officers who work or have worked at any Juvenile Detention Center.

These current and former correctional officers are expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: NCDPS's policies, procedures, and actual practices related to confinement of juveniles; the provision of educational services and mental health services to juveniles at Juvenile Detention Centers; the nature and amount of time juveniles are allowed outside of their cells at Juvenile Detention Centers; the conditions of the cells at Juvenile Detention Centers; staffing at Juvenile Detention Centers; inspections of Juvenile Detention Centers by any outside organization; security incidents at Juvenile Detention Centers; and other issues related to the operation and management of Juvenile Detention Centers.

ii. Current and former teachers or educational service providers who work or have worked at any Juvenile Detention Center.

These current and former teachers or educational services providers are expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the nature of educational services provided to juveniles in Juvenile Detention Centers, including but not limited to the subjects covered by the education services and the number of hours of instruction dedicated to each subject; the frequency with which educational services are provided to juveniles in Juvenile Detention Centers; the number of staff providing educational services to juveniles in Juvenile Detention Centers; and other issues related to the provision of educational services to juveniles in Juvenile Detention Centers.

13

jj. Current and former employees of third-party Vera Institute of Justice.

These individuals are expected to have information and knowledge related to the facts and circumstances giving rise to this litigation, including but not limited to the following: the preparation of the report titled "The Safe Alternatives to Segregation Initiative: Findings and Recommendations for the North Carolina Department of Public Safety," including but not limited to information provided to Vera in the course of preparing the report; and other issues related to the use of solitary confinement by NCDPS in Juvenile Detention Centers.

kk. All witnesses named by Defendants.

ll. All expert witnesses retained by either party and named in accordance with the Scheduling Order imposed by the Court, including but not limited to rebuttal witnesses.

mm. All additional witnesses whose identity will be learned during discovery in this lawsuit.

nn. Necessary foundational witnesses, including Custodians of Records.

oo. All individuals elsewhere named but inadvertently omitted from this list.

(ii) A copy or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to supports its claims or defenses, unless the use will be solely for impeachment;

**RESPONSE:** Based on the information reasonably available to Plaintiffs at this time, Plaintiffs are not aware of any categories of documents, electronically stored information, and tangible things currently in their possession, custody, or control which they may use to support their claims or defenses. Because this matter remains in its initial stages, Plaintiffs reserve the right to identify additional documents or categories of documents as this case progresses. Plaintiffs also reserve the right to use any documents or category of documents identified by any other party in this action.

(iii) A computation of each category of damages claimed by the disclosing party who much also make available for inspection and copying as under Rule 34, the documents or other material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

**RESPONSE:** Plaintiffs primarily seek injunctive and declaratory relief. In addition, Plaintiffs seek an award of Plaintiffs' reasonable attorneys' fees and costs associated with this action pursuant to 28 U.S.C. § 1988, *et seq.* or under any other relevant authority.

(iv) For inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of the possible judgment in the action or to identify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** Plaintiffs are not presently aware of any such insurance agreement.

*[signatures on next page]*

Dated: June 14, 2024

                NELSON MULLINS RILEY & SCARBOROUGH LLP

                */s/ Robert L. Lindholm*
                Robert L. Lindholm (N.C. Bar No. 52800)
                301 South College Street, 23rd Floor
                Charlotte, NC 28202
                (704) 417-3000
                robert.lindholm@nelsonmullins.com

                Donna O. Tillis*
                Yasmeen Ebbini*
                Michelle Campbell**
                1320 Main Street, 17th Floor
                Columbia, SC 29201
                (803) 799-2000
                donna.tillis@nelsonmullins.com
                yasmeen.ebbini@nelsonmullins.com
                michelle.campbell@nelsonmullins.com

                Matthew G. Lindenbaum*
                One Financial Center, Suite 3500
                Boston, MA 02111
                (617) 217-4700
                matthew.lindenbaum@nelsonmullins.com

                COUNCIL FOR CHILDREN'S RIGHTS

                Michelle Duprey (N.C. Bar No. 53205)*
                601 E. Fifth Street, Suite 510
                Charlotte, NC 28202
                (704) 943-9642
                MDuprey@cfcrights.org

                *Special Appearance Pursuant to Local Civil Rule 83.1(d)
                **Notice of Special Appearance forthcoming

                *Counsel for Plaintiffs*