# EXHIBIT 3

# Excerpt From Oct. 1 Hearing Transcript (pages 17-18)

```
 1                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   JOHN DOE 1, a minor, by and through      1:24-CV-00017
     his parent and natural guardian JANE
 4   DOE 1; JOHN DOE 2, a minor, by and
     through his parent and natural guardian
 5   JANE DOE 2; JOHN DOE 3, a minor,
     by and through his parent and natural
 6   guardian JANE DOE 3; on behalf of
     themselves and all others similarly
 7   situated,
               Plaintiffs,
 8   v.                                       GREENSBORO, NC
     NORTH CAROLINA DEPARTMENT
 9   OF PUBLIC SAFETY; EDDIE M.
     BUFFALOE, JR., Secretary of the
10   North Carolina Department of Public
     Safety, in his official capacity;
11   WILLIAM L. LASSITER, Deputy
     Secretary of the Division of Juvenile
12   Justice and Delinquency Prevention, in
     his official capacity; PETER BROWN,
13   Facility Director of the Cabarrus
     Regional Juvenile Detention Center, in
14   his official capacity,
               Defendants.                    OCTOBER 1, 2025
15

16

17

18       ONE-DAY EXPEDITED TRANSCRIPT OF THE MOTION HEARING
             BEFORE THE HONORABLE CATHERINE C. EAGLES
19                    UNITED STATES DISTRICT JUDGE

20

21   COURT REPORTER:

22          STACY HARLOW, RVR-M, CVR-M, CM, RBC, RCP
            Post Office Box 21471
23          Winston-Salem, North Carolina  27120

24
     Proceedings recorded by voice stenography realtime translation.
25       Transcript produced by computer-aided transcription.
```

                Stacy Harlow,  RVR-M, CVR-M, CM, RCP, RBC
                        United States Court Reporter
                     Middle District of North Carolina

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | <u>APPEARANCES:</u>                                                  |
| 2  | FOR THE PLAINTIFFS:                                                  |
| 3  | ROBERT L. LINDHOLM, ESQUIRE                                          |
|    | Nelson Mullins Riley & Scarborough LLP                               |
| 4  | 301 South College Street - 23rd Floor - Suite 2300                   |
|    | Charlotte, North Carolina  28202                                     |
| 5  | E-mail: robert.lindholm@nelsonmullins.com                            |
| 6  | AXTON DYLAN CROLLEY, ESQUIRE                                         |
|    | 2729 Putnam Street                                                   |
| 7  | Columbia, South Carolina  29204                                      |
|    | E-mail: axton.crolley@nelsonmullins.com                              |
| 8  |                                                                      |
|    | MICHELLE DUPREY, ESQUIRE                                             |
| 9  | Law Office of Michelle Duprey                                        |
|    | 720 East 4th Street - Suite 300                                      |
| 10 | Charlotte, North Carolina  28202                                     |
|    | E-mail: michelledupreylaw@icloud.com                                 |
| 11 |                                                                      |
| 12 | FOR THE DEFENDANTS:                                                  |
| 13 |                                                                      |
|    | MATTHEW T. TULCHIN, ESQUIRE                                          |
| 14 | LAURA MCHENRY, ESQUIRE                                               |
|    | North Carolina Department of Justice                                 |
| 15 | Post Office Box 629                                                  |
|    | Raleigh, North Carolina 27602-0629                                   |
| 16 | E-mail: mtulchin@ncdoj.gov                                           |
|    | E-mail: lmchenry@ncdoj.gov                                           |
| 17 |                                                                      |
| 18 |                                                                      |
| 19 |                                                                      |
| 20 |                                                                      |
| 21 |                                                                      |
| 22 |                                                                      |
| 23 |                                                                      |
| 24 |                                                                      |
| 25 |                                                                      |

1  second point and I think your main point of this, so when we
2  briefed this, we were still in the midst of discovery.  I think
3  you're right; the complaint alleged solitary confinement in
4  Cabarrus and Dillon.  And I think we attached to our reply
5  briefing, I think, reports from Disability Rights of North
6  Carolina, who was a third party and came in.  And I think they
7  were on the same two facilities.
8         After briefing concluded, we got more discovery, you
9  won't be surprised to hear, from both the defendants --
10        THE COURT:  Right.
11        MR. LINDHOLM:  -- and from third parties, and in
12 particular from Disability Rights.  And, frankly, I can't
13 explain why there aren't reports prior or, you know, as they
14 existed when the case was filed.
15        But Disability Rights started going into the juvenile
16 detention facilities.  I think, for whatever reason, they might
17 have only been going into the youth detention centers, which
18 are post-adjudication kids, but they started going into the
19 juvenile detention centers that are the subject of our case
20 here, and they prepared reports of what they found.  And so we
21 have a -- a whole group of reports, and the reports generally
22 support our allegations in the complaint.
23        So, I mean -- and, again, those are not in the record
24 for this motion because --
25        THE COURT:  You didn't have --

1  MR. LINDHOLM: -- the discovery came out
2  post-briefing completion.
3  But if I -- if I can indulge you just for one second,
4  Your Honor, I have one of them in front of me. So this -- this
5  is with respect to the Pitt Regional Juvenile Detention Center.
6  And there, Disability Rights described how they spoke with 16
7  kids there, and they're under what they list as their overall
8  impressions.
9  They -- the first sentence is,
10  (Reading): We were extremely concerned by the
11  conditions that young people at Pitt JDC endure. Particularly
12  concerning issues included solitary confinement-like conditions
13  for apparently all young people in the facility with only one
14  to three hours allowed outside of their rooms per day.
15  They then later describe the -- the facility having
16  shocking physical conditions and stating that,
17  (Reading): The physical condition of the Pitt JDC
18  was one of the worst we have yet encountered in a
19  state-operated facility.
20  There are similar reports from Disability Rights with
21  respect to many of the other facilities. I will admit, Your
22  Honor, I don't think every single one of them is covered.
23  So, for example -- and I don't -- Mr. Tulchin
24  probably knows the name -- but there's one facility where
25  the -- where the children sleep outside the cell. They don't