EXHIBIT 4

Excerpt From Oct. 1 Hearing Transcript (pages 51-52)

```
 1                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   JOHN DOE 1, a minor, by and through      1:24-CV-00017
     his parent and natural guardian JANE
 4   DOE 1; JOHN DOE 2, a minor, by and
     through his parent and natural guardian
 5   JANE DOE 2; JOHN DOE 3, a minor,
     by and through his parent and natural
 6   guardian JANE DOE 3; on behalf of
     themselves and all others similarly
 7   situated,
              Plaintiffs,
 8   v.                                       GREENSBORO, NC
     NORTH CAROLINA DEPARTMENT
 9   OF PUBLIC SAFETY; EDDIE M.
     BUFFALOE, JR., Secretary of the
10   North Carolina Department of Public
     Safety, in his official capacity;
11   WILLIAM L. LASSITER, Deputy
     Secretary of the Division of Juvenile
12   Justice and Delinquency Prevention, in
     his official capacity; PETER BROWN,
13   Facility Director of the Cabarrus
     Regional Juvenile Detention Center, in
14   his official capacity,
              Defendants.                     OCTOBER 1, 2025
15

16

17

18      ONE-DAY EXPEDITED TRANSCRIPT OF THE MOTION HEARING
             BEFORE THE HONORABLE CATHERINE C. EAGLES
19                   UNITED STATES DISTRICT JUDGE

20

21   COURT REPORTER:

22          STACY HARLOW, RVR-M, CVR-M, CM, RBC, RCP
            Post Office Box 21471
23          Winston-Salem, North Carolina  27120

24
     Proceedings recorded by voice stenography realtime translation.
25       Transcript produced by computer-aided transcription.
```

                 Stacy Harlow,  RVR-M, CVR-M, CM, RCP, RBC
                       United States Court Reporter
                     Middle District of North Carolina

```
 1                        APPEARANCES:

 2    FOR THE PLAINTIFFS:

 3              ROBERT L. LINDHOLM, ESQUIRE
                Nelson Mullins Riley & Scarborough LLP
 4              301 South College Street - 23rd Floor - Suite 2300
                Charlotte, North Carolina  28202
 5              E-mail: robert.lindholm@nelsonmullins.com

 6              AXTON DYLAN CROLLEY, ESQUIRE
                2729 Putnam Street
 7              Columbia, South Carolina  29204
                E-mail: axton.crolley@nelsonmullins.com
 8
                MICHELLE DUPREY, ESQUIRE
 9              Law Office of Michelle Duprey
                720 East 4th Street - Suite 300
10              Charlotte, North Carolina  28202
                E-mail: michelledupreylaw@icloud.com
11

12    FOR THE DEFENDANTS:

13
                MATTHEW T. TULCHIN, ESQUIRE
14              LAURA MCHENRY, ESQUIRE
                North Carolina Department of Justice
15              Post Office Box 629
                Raleigh, North Carolina 27602-0629
16              E-mail: mtulchin@ncdoj.gov
                E-mail: lmchenry@ncdoj.gov
17

18

19

20

21

22

23

24

25
```

1  guess you would call that statistical evidence -- is that
2  something --
3              MR. TULCHIN:  Right.
4              THE COURT:  -- y'all have gotten into?
5              MR. TULCHIN:  So -- and -- yes and no, Your Honor.  I
6  mean, I think -- and -- and this goes to sort of, you know,
7  our -- one of the big problems with -- with such a broad class,
8  Your Honor.
9              I think, you know, the running of facilities and --
10 and sort of the -- of whether to place a -- a youth is placed
11 on, you know, temporary room confinement, administrative room
12 confinement, varies, you know, from -- from day to day and also
13 from facility to facilities, Your Honor.
14             So -- and I think one of the examples that -- that --
15 that shows both sides of the coin in terms of evidence, Your
16 Honor, is -- is -- is illustrated in one of these memos that
17 Mr. Lindholm alluded to that was written by Disability Rights
18 of North Carolina.  And the one I'm -- allude to, it's attached
19 to Plaintiffs' reply brief; this is Exhibit C, Your Honor.
20 It's Document 47-3.  And this was from a visit to Cabarrus.
21             And -- and so, Your Honor, just an example, it
22 says -- you know, they talked to -- they talked to several
23 different youth in various different housing units, and they
24 got different -- different stories.  You know, some were -- you
25 know, they got -- they got to be in school a lot.  They were

outside all the time, and so forth. And that contrasted with what they heard from other youths, Your Honor.

And so the point is that you can take something like what Mr. Lindholm read to you from a Pitt detention center, and it was on a -- one visit they talked to, let's say, 16 individual youths at the time and got one story. But then if you look -- if -- in any factual discovery, you look into it and you find that there are different reasons or maybe different explanations for what Disability Rights observed.

Your Honor, and so what we would -- we -- what I think the evidence shows is that there are times, specifically coming out of COVID -- and Mr. Lassiter alludes -- talks about these challenges in his declaration, which is attached -- it's -- it's Document Exhibit 45-1. And he -- for your edification -- at -- at page 3 and 5, he talks about temporary room confinement and administrative confinement.

But later on in that declaration, Your Honor, he talks about the overwhelming staffing issues they faced. And -- and again, those -- those not -- were shared in -- in every facility equally. But coming out of COVID, they had a huge staffing issue, and there are staffing issues in these facilities regardless. I think the industry-wide, you know, unemp- -- like, vacancy rate, industry-wide, is about -- I think it's 33 percent or so because they're low paying jobs; it's in very difficult conditions.

Stacy Harlow, RVR-M, CVR-M, CM, RCP, RBC
United States Court Reporter
Middle District of North Carolina