IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE 1, et al.,

    *Plaintiffs*,

    v.

NORTH CAROLINA DEPARTMENT
OF PUBLIC SAFETY, et al.,

    *Defendants*.

I:24-CV-17

## <u>**ORDER**</u>

THIS MATTER is before the Court on Defendants' consent motion to modify and extend certain case management deadlines. The motion was filed after some of the deadlines at issue had already passed. Counsel are advised that any such untimely motions in the future will be summarily denied; motions for more time should be filed well before deadlines pass. Filing untimely motions after deadlines pass shows disrespect for the Court's orders.

That said, having reviewed the motion, something close to good cause exists to grant the motion, the plaintiffs do not oppose the motion, and the motion will be granted as a matter of grace and in the Court's discretion. The Court will also set the matter for trial, at a date that will allow for briefing and consideration of expected summary judgment motions. *See* LR 56.1.

It is **ORDERED** that the scheduling order and case management deadlines set by order entered August 26, 2025, Doc. 75, are modified and supplemented as follows:

    a. Expert Reports by Defendants due January 5, 2026;

b.  Any rebuttal expert reports due on February 5, 2026; and

c.  Completion of expert discovery/overall discovery on March 9, 2026.

d.  This case is set for bench trial during the October 2026 civil term of court. If no dispositive motions are filed, *see* LR 56.1(a)-(b), the trial date will be advanced, likely to the June 2026 civil term of court.

e.  The Court expects the parties to use their best efforts to complete discovery within this time frame and to file motions and briefs on the usual schedule.

This the 20th day of November, 2025.

_____
United States District Judge