IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:24-cv-00017-LCB-JLW

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>   Plaintiff,<br><br>   v.<br><br>NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>   Defendants. | **DEFENDANTS EXPEDITED MOTION FOR STATUS CONFERENCE**<br>**(Pursuant to L.R. 37.1)** |

NOW COME Defendants, by and through undersigned counsel, pursuant to Local Civil Rule 37.1, to present a time-sensitive discovery dispute to the Court related to a deposition scheduled for December 22, 2025 and request an expedited telephone status conference to resolve the issue today, if possible.

In support of this motion, Defendants state the following:

1.	Defendants hereby request a status conference in an effort to resolve certain time-sensitive disputes between the parties related to protocols for conduct of the deposition of the named Plaintiffs. The parties have conferred as detailed below and as required by L. Civil Rule 37.1 and undersigned counsel believes that consideration by the Court will help resolve the issue and keep the parties moving forward under the current discovery schedule, which is as follows:

- Expert Reports by Defendants due January 5, 2026;
- Any rebuttal expert reports due on February 5, 2026;
- Completion of expert discovery/overall discovery on March 9, 2025;
- Bench Trial on October 5, 2026. If no dispositive motions are filed, the trial date will be advanced, likely to the June 2026 civil term of court.

2. With agreement from Plaintiffs, the deposition of John Doe 1 is currently scheduled for Monday, December 22, 2025. The deposition of John Doe 2 is currently scheduled for Monday, December 29, 2025. John Doe 1 is a minor held at a Juvenile Justice facility. John Doe 2 is an adult held at a county facility. Both depositions are scheduled to take place in-person at the facility at which they are being held.

3. It is Defendants' understanding that Plaintiffs are not opposing the deposition of Plaintiffs but will not allow the deposition to proceed unless certain safety-related conditions are relaxed for the depositions.

4. Undersigned counsel has consulted with the Juvenile Justice Facility Director and been informed that the Plaintiff-witness must either be restrained or a staff member must be in the room. Undersigned counsel desires to conduct an in-person deposition of the named Plaintiff and takes the position that the facility where any deposition takes place dictates safety protocols, not the parties in this suit.

5. Plaintiffs object to the presence in the conference room of Juvenile Justice staff and object to the use of any restraints on the Plaintiff-witness. Plaintiffs propose that undersigned counsel conduct the deposition remotely.

6. The parties have conferred repeatedly over the discovery period and in

earnest over the past week and have come to an agreement on multiple issues regarding how the depositions will be conducted. Specifically, the parties have exchanged numerous emails over the last week and also met and conferred via teleconference on December 18, 2025. The call on December 18, 2025 lasted over an hour and these efforts resolved all remaining issues except the one brought to the Court here.

7. Finally, today, December 19, 2025, at 10:00 a.m., the parties met and conferred again regarding this last remaining issue. In attendance were Plaintiffs' counsel, Robert Lindholm, Soren Young, and Michelle Duprey. In attendance for Defendants were Laura McHenry, Terence Steed, and their supervisor, Stephanie Brennan. After discussing this issue for a further 15 minutes, the call ended in an impasse with the two positions stated above. Since it must be resolved ahead of the deposition on Monday, undersigned counsel notified Plaintiffs' counsel that the issue seemed appropriate to be resolved via status conference with the Court.

8. A certification of counsel is being filed along with this motion as required by L. Civ. R. 37.1(a).

9. Given the necessity of the depositions taking place in order for the case to move forward and remain on schedule, and the time-sensitive need for resolution of this dispute, Defendants request an expedited status conference to this issue as quickly as possible. Undersigned counsel consulted with Plaintiffs' counsel, who confirmed their agreement that this could be ruled upon in a telephone conference of less than 30 minutes.

10. Defendants are prepared to join a status conference call at any time today.

Plaintiffs have indicated they are also available, with a preference for a time before 3:00pm.

Respectfully submitted this the 19th day of December, 2025.

                                       JEFF JACKSON
                                       Attorney General

                                       /s/ Terence Steed
                                       Terence Steed
                                       Special Deputy Attorney General
                                       N.C. State Bar No.: 52809
                                       Email: tsteed@ncdoj.gov

                                       Laura H. McHenry
                                       Special Deputy Attorney General
                                       N.C. State Bar No. 45005
                                       Email: lmchenry@ncdoj.gov

                                       Elizabeth Curran O'Brien
                                       Special Deputy Attorney General
                                       N.C. State Bar No. 28885
                                       Email: eobrien@ncdoj.gov

                                       Matthew Tulchin
                                       Special Deputy Attorney General
                                       N.C. State Bar No. 43921
                                       Email: mtulchin@ncdoj.gov

                                       N.C. Department of Justice
                                       Post Office Box 629
                                       Raleigh, North Carolina 27602
                                       Telephone: (919)716-6567
                                       Facsimile: (919)716-6763

                                       *Counsel for Public Safety Defendants*

## LOCAL RULE 37.1(a) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 37.1(a), I certify that personal consultation and diligent attempts by the parties occurred, but were unable to resolve the difference, as described above.

This the 19th day of December, 2025.

/s/ Terence Steed
Special Deputy Attorney General

# CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), I certify that the body of this memorandum, including headings and footnotes but excluding the caption, signature lines, certificates and any cover pages or indices, does not exceed 6,250 words.

This the 19th day of December, 2025.

                                        /s/ Terence Steed
                                        Special Deputy Attorney General