IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.: 1:24-cv-17-CCE-JGM

JOHN DOE 1, et al.,

    *Plaintiffs*,

    v.

NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY, et al.,

    *Defendants*.

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' EXPEDITED MOTION
FOR STATUS CONFERENCE**

Defendants respectfully respond to Plaintiffs' Expedited Motion for Status Conference [DE 100] to notify the Court that, although the parties met and conferred regarding whether two depositions could occur after the close of fact discovery, Plaintiffs' motion seeks broader relief that was not expressly presented as the request Plaintiffs would make to this Court and Defendants do not believe is appropriate to be addressed through Local Rule 37.1 procedures.

The parties met and conferred regarding Plaintiffs' request to depose Charles Dingle and Tiea Daniels after the close of fact discovery. Defendants declined to produce those witnesses because fact discovery had closed when the request was made.

Plaintiffs' motion asks the Court to enlarge the fact-discovery period and expand the deposition limit so that those depositions may proceed. That relief was not raised during the meet-and-confer process. In response to Plaintiffs' filing, Defendants raised with Plaintiffs our concerns that the motion sought relief broader than what was discussed during the parties' meet-and-confer and requested they withdraw or modify the request to accurately reflect what was discussed in our meet and confer. Plaintiffs responded that they believed that it was inherent that they would be requesting broader relief, but that they are not seeking to reopen discovery or

1

amend discovery deadlines beyond these two depositions.

However, Plaintiffs' prior communications to Defendants reflected their position that the depositions could proceed without such modification of discovery deadlines, and the parties' discussions therefore focused on whether Defendants would agree to produce the witnesses after the close of discovery.

Had Plaintiffs expressly stated that they intended to request enlargement of fact discovery or expansion of deposition limits, Defendants would have insisted that any such request proceed through motion practice before the District Judge who entered the operative Scheduling Order.[1]

Because the parties only met and conferred about the taking of two fact depositions after the end of fact discovery, and not regarding the more expansive motion to extend fact discovery deadlines, the certification required by Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(a) has not been met with respect to the latter request, only the more narrow request. It is Defendants' position that Local Rule 37.1(b) is an inappropriate vehicle to modify Judge Eagles' prior scheduling order.

For these reasons, Defendants respectfully request that the Court decline to consider Plaintiffs' request to extend discovery deadlines as it is not appropriate for a Local Rule 37.1 motion, and even if it were, Defendants did not consent to that request through that vehicle. All the same, Defendants are prepared to appear and consider Plaintiffs more narrow request that two fact depositions be permitted after the close of fact discovery, which Defendants oppose, but

---

[1]     Here, the operative Order was entered by Judge Eagles on August 26, 2025, set the deadline for completion of fact discovery as October 13, 2025, and expressly advised that the parties should not expect further extensions. [DE 75] After fact discovery closed, in another Order addressing only expert deadlines, Judge Eagles cautioned the parties that untimely motions to extend deadlines that have already passed may be summarily denied. [DE 92]

2

do believe is a simple enough issue to be resolved through Local Rule 37.1(b).

Respectfully submitted this the 19th day of February 2026.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
State Bar No. 28885
eobrien@ncdoj.gov

Laura H. McHenry
Special Deputy Attorney General
State Bar No. 45005
lmchenry@ncdoj.gov

Terence Steed
Special Deputy Attorney General
State Bar No. 52809
tsteed@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Phone: 919-716-6900
Fax: 919-716-6763
*Attorneys for Defendants*

3